467 So.2d 367 (1985)
David Michael TAYLOR a/k/a Michael David Taylor, Appellant,
v.
STATE of Florida, Appellee.
Nos. 84-1440, 84-1653.
District Court of Appeal of Florida, Second District.
March 15, 1985.
Rehearing Denied April 15, 1985.
James Marion Moorman, Public Defender, and Douglas P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The defendant appeals his judgments and sentences for a number of crimes, entered on pleas of nolo contendere.
We find only one issue raised by the defendant to have merit. The defendant says that the trial judge erred in imposing a three-year minimum mandatory sentence in case no. 83-1736CF-A-01 since the information in that case shows that the defendant's co-perpetrator possessed a firearm, rather than the defendant, during the commission of the robbery. In Hillman v. State, 410 So.2d 180 (Fla. 2d DCA 1982), this court held that the possession of a firearm essential to applicability of section 775.087, Florida Statutes (1983), providing for minimum confinement, must be direct. Vicarious possession (such as by a cohort), while sufficient to sustain conviction, is not sufficient "possession" to justify imposition of the minimum period of imprisonment under the statute.
Accordingly, we reverse the sentence imposed upon the defendant in case no. 83-1736CF-A-01 with directions that the imposition of the three-year minimum mandatory imprisonment in that case be stricken. *368 In all other respects, the defendant's convictions and sentences are affirmed.
RYDER, C.J., and SCHOONOVER, J., concur.