509 A.2d 1292

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Norman WILLIAMS.**

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Thomas V. PORTER.**

Superior Court of Pennsylvania.

Argued Feb. 26, 1986.

Filed May 23, 1986.

Petition for Allowance of Appeal Denied Nov. 18, 1986.

William A. Behe, Chief Deputy District Attorney, Harrisburg, for Com., appellant.

Allen C. Welch and John M. Glace, Assistant Public Defenders, Harrisburg, for appellees.

Before CAVANAUGH, TAMILIA and CERCONE, JJ.

CERCONE, Judge:

This is an appeal by the Commonwealth from the sentence of the trial court by which both appellees were given concurrent indeterminate sentences under the "Youthful Offenders Act". 61 P.S. § 485. Appellees pleaded guilty to robbery, 18 Pa.C.S.A. § 3701(a)(1)(i) and (ii) and criminal conspiracy, 18 Pa.C.S.A. § 903, arising from their accosting and striking a victim and taking $3.50 from him. Appellee Williams threatened the victim with what was later discovered to be a pellet gun. This fact is not contested.

In compliance with the section of the Mandatory Minimum Sentencing Act which concerns offenses committed with firearms, 42 Pa.C.S.A. § 9712,[1] the Commonwealth

---

1. **§ 9712. Sentences for offenses committed with firearms**

(a) **Mandatory Sentence.**—Any person who is convicted in any court of this Commonwealth of murder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) or kidnapping, or who is convicted of attempt to commit any of these crimes, shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years total confinement notwithstanding any other provisions of this title or other statute to the contrary.

(b) **Proof at sentencing.**—Provisions of this section shall not be an element of the crime and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The court shall consider any evidence presented at trial and shall afford the Commonwealth and the defendant an opportunity to present any necessary additional evidence and shall determine, by a preponderance of the evidence, if this section is applicable.

(c) **Authority of court in sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing

provided notice to appellees of its intention to proceed under the section which mandates a mandatory minimum sentence of five years for convictions of certain enumerated felonies, one of which is the specific robbery section involved in this case. A sentencing hearing was held during which the court expressed difficulties in applying the mandatory minimum sentences. The court refused to include a pellet gun in the definition of firearm of § 9712. It also found § 9712 inapplicable to the accomplice, Porter, who never visibly possessed the gun. The court was also moved to leniency because neither defendant had an adult criminal record; and Williams had no record of any kind. Thus, the court elected to sentence both young men under the Youthful Offenders Act.

The Commonwealth is appealing these sentences under § 9712(d) which provides for appellate review in a situation like the instant one; that is, where the sentencing court refuses to apply this section where applicable. § 9712(b) provides that the applicability of this section shall be determined at sentencing by the court. If the court, from a consideration of the evidence presented at trial, or in this case at the guilty plea proceeding, and at the sentencing hearing, determines by a preponderance of the evidence that a firearm was visibly possessed during the commission of the offense, then it must sentence the defendant to the five year minimum term of imprisonment. In this case, we

a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

(d) **Appeal by Commonwealth.**—If a sentencing court refuses to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

(e) **Definition of firearm.**—As used in this section 'firearm' means any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein.

agree with the Commonwealth that the trial court erred in refusing to impose sentences in accordance with § 9712.

The question of whether a carbon dioxide operated pellet gun is a firearm for purposes of § 9712 was answered in *Commonwealth v. Sterling,* 344 Pa.Superior Ct. 269, 496 A.2d 789 (1985). The court referred to the definition of firearm contained in § 9712:

—As used in this section 'firearm' means any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive or the expansion of gas therein.

In the face of *Commonwealth v. Schilling,* 288 Pa.Superior Ct. 359, 431 A.2d 1088 (1981) which found that a carbon dioxide pellet gun was not a firearm as defined under the Uniform Firearms Act, the *Sterling* court acknowledged that various definitions of "firearms" exist for various purposes.

A carbon dioxide powered BB gun clearly fits within the ambit of section 9712(e).... A carbon dioxide powered gun expels a projectile by the action of an explosive or the expansion of gas. Thus, there is no doubt that it is a firearm for purposes of section 9712 of the Sentencing Code.

*Id.,* 344 Pa.Superior Ct. at 274, 496 A.2d at 792.

In this case, the Commonwealth presented evidence at the hearing held on its motion for reconsideration of sentence that established the gun was a pellet gun that was designed to expel a projectile, or that could readily be converted to do so. The definition in § 9712(e) does not require that the Commonwealth prove that the gun was operable at the time it was used, unlike the proof required under the Uniform Firearms Act. *See Commonwealth v. Layton,* 452 Pa. 495, 307 A.2d 843 (1973). The Commonwealth showed all that was necessary under § 9712 to prove by a preponderance of the evidence that a firearm was visibly possessed during the commission of the crimes.

■ The next issue to be determined is whether an accomplice, Porter in this case, may be sentenced in accordance with § 9712 when he did not visibly possess the firearm himself. Unlike the Deadly Weapon Enhancement of the Sentencing Guidelines which includes accomplices as subject to the 12 to 24 months confinement (204 Pa.Code § 303.4, 42 Pa.C.S.A. § 9712), § 9712 makes no mention of accomplices. Moreover, we have not discovered any case law in Pennsylvania involving the applicability of § 9712 to an unarmed accomplice. Other jurisdictions have grappled with this problem and we consult them for guidance.

New Jersey has enacted a statute which provides for a mandatory minimum term of imprisonment for a person who has been convicted of certain enumerated crimes while in possession of a firearm. N.J.S.A. 2C: 43–6, subd. c. (The Graves Act). In *State v. White*, 98 N.J. 122, 484 A.2d 691 (1984), the Supreme Court held that an accomplice who is found guilty of one of the felonies enumerated in the Graves Act will be subject to sentencing under that Act's mandatory provisions. The defendant accompanied three other felons in the perpetration of two armed robberies, but the defendant did not carry the gun. Thus the question to be decided was whether the defendant's role as an accomplice subjected him to the same mandatory penalties as a principal.

In deciding that the defendant-accomplice was thus subjected, the court referred to the definition of accomplice in the New Jersey Code of Criminal Justice as conferring legal accountability.

An accomplice may be guilty of armed robbery even though he did not personally possess or use the firearm in the course of the commission of the robbery. The accomplice has committed the same crime as the individual who possessed or used the gun if the accomplice had the purpose to promote or facilitate the crime, namely, robbery with the use of a firearm. See N.J.S.A. 2C:15–1b; N.J.S.A. 2C:2–6b; *State v. Gantt*, 195 N.J.Super. 114,

118, 478 A.2d 422 (App.Div.1984) (certif. pending). One is the alter ego of the other.

*Id.,* 98 N.J. at 129, 484 A.2d at 695. (footnote omitted)

In *Key v. State,* 563 S.W.2d 104 (Tenn.1978), the court, while refusing to read "if he or *his accomplice* had in his possession" into the statute, concluded that an unarmed participant may be subject to an enhanced penalty under a theory of joint possession, if he had knowledge that the other participant is in possession of a firearm. The record in *Key* was silent as to this fact.

In *State v. Roylston,* 135 Ariz. 566, 663 P.2d 250 (1983) the court upheld the enhanced penalty for an unarmed defendant, where the co-defendant used the knife in the aggravated assault and shoplifting, under an accomplice theory.

In *People v. Tung Thanh Le,* 154 Cal.App.3d 1, 200 Cal.Rptr. 839 (4 Dist.1984), the court found that accomplices of an armed felon were subject to an enhanced penalty under a statute that did not explicitly provide for such. *But see People v. Allen,* 211 Cal.Rptr. 837, 165 Cal.App.3d 616 (2 Dist.1985) (Defendant must personally use deadly weapon to be subject to enhanced penalty.)[2]

We are persuaded by the case law in those jurisdictions which impose the minimum sentence of confinement on an unarmed accomplice who has knowledge that a firearm is employed in the commission of the pertinent felony. It would be anomalous to sentence the armed felon in accordance with the minimum sentence, while not similarly punishing an accomplice who is otherwise legally accountable for

2. Ohio has held an unarmed accomplice as subject to its mandatory sentence for possession of a firearm. *State v. Moore,* 16 Ohio St.3d 30, 476 N.E.2d 355 (1985); similarly, provided knowledge of possession of the firearm is established, an accomplice is so held in *State v. Rice,* 102 Wash.2d 120, 683 P.2d 199 (1984). However, Florida law is evolving contra, as in *Taylor v. State,* 467 So.2d 367 (Fla.App. 2 Dist. 1985) in which it was held that vicarious possession of a firearm, such as by a cohort, while sufficient to sustain a conviction for robbery, is not sufficient "possession" to justify imposition of a minimum mandatory period of imprisonment under the statute providing for minimum confinement for possession of a firearm.

the actions of the armed felon. Especially would this be so in the instant case in which Porter, the unarmed accomplice, saw the gun in question, knew it was to be used in perpetration of the robbery and pleaded guilty to the conspiracy and the robbery. In this case where the gun was the means which the two actors used to accomplish their end of obtaining money from their unsuspecting victim, both perpetrators must bear the mandatory minimum sentence. We therefore hold that an unarmed accomplice to a crime mandating imposition of a sentence under § 9712 of the Mandatory Minimum Sentencing Act shall be sentenced in accordance thereof if it is shown by the proof that the unarmed accomplice had knowledge that the firearm was visibly possessed by his co-felon in the commission of the crime.

■ Finally, the Commonwealth challenges the sentencing court's refusal to sentence in accordance with § 9712 when it chose to sentence appellees under the "Youthful Offenders Act." Both defendants were nineteen when they committed the instant crimes. The court felt it had the discretion to sentence appellees under that Act which provides that any defendant, between ages fifteen and twenty-one years, not known to have been previously sentenced to a State penitentiary, can be sentenced by the court, in lieu of any sentence now provided by law, to the State Correctional Institution at Camp Hill for an indeterminate sentence, not to be in excess of six (6) years. 61 P.S. §§ 483; 485. We conclude that in light of the purpose behind § 9712, that the sentencing court does not have the discretion whether to sentence in accordance with § 9712.

In *Commonwealth v. Wright*, 508 Pa. 25, 494 A.2d 354, 362 (1985) *cert. granted, McMillan v. Pennsylvania*, — U.S. —, 106 S.Ct. 58, 88 L.Ed.2d 47 (1985), the Pennsylvania Supreme Court (Justices Larsen, Concurring) set forth the purpose behind this statute.

Society can not tolerate the tyranny of armed felons. Recognizing this, the legislature wisely enacted legislation providing for a mandatory minimum five-year jail

term for those who visibly use a firearm in the commission of the following serious felonies:

> "[m]urder of the third degree, voluntary manslaughter, rape, involuntary deviate sexual intercourse, robbery as defined in 18 Pa.C.S. § 3701(a)(1), (ii) or (iii) (relating to robbery), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault) or kidnapping, or who is convicted of attempt to commit any of these crimes ..." 42 Pa.C.S.A. § 9712(a). It is intended, and it is reasonable to believe, that application of the Mandatory Sentencing Act will deter the dangerous and intimidating use of firearms by felons in the perpetration of crimes. A lengthened incarceration for felons who make visible use of firearms in the execution of their criminal deeds tends to have the effect of maintaining in the citizenry, much needed confidence in our criminal justice system.

*Id.*, 508 Pa. at 42, 494 A.2d at 363.

42 Pa.C.S.A. § 9712(a) provides specifically for its application "notwithstanding any other provision of this title or other statute to the contrary." The mandatory nature of the Act is what insures the strong deterrent against the use of firearms by defendants. In *Commonwealth v. Molina,* 344 Pa.Superior Ct. 459, 496 A.2d 1196 (1985) this court reversed the lower court's refusal to sentence a defendant in accordance with § 9712 when he fell within the mandate of the Act. This court found the trial court to be without authority not to sentence Molina to the five year sentence.

So also in this case. Section 1936 of the Statutory Construction Act of 1972 (1 Pa.C.S. § 1501 *et seq.*) provides that "[w]henever the provisions of two or more statutes finally enacted by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail." Combining this principle of statutory construction with the purpose behind section 9712, we now vacate the sentences imposed below and remand for resentencing. Jurisdiction relinquished.