512 A.2d 43

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Marvin GRIMMITT, Appellee.**

Superior Court of Pennsylvania.

Submitted April 14, 1986.

Filed July 14, 1986.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellant.

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellee.

Before JOHNSON, HOFFMAN and LIPEZ, JJ.

LIPEZ, Judge:

Defendant pled guilty to two counts of robbery arising out of two separate incidents in which defendant removed cash and other valuables from the victim's pockets while his cohort pointed a pistol at the victim. Over the Commonwealth's objection, defendant was sentenced to eleven and one-half to twenty-three months imprisonment and ten years probation. The Commonwealth had sought to apply the Mandatory Minimum Sentencing Act, 42 Pa.C.S. § 9712, which mandates a five year minimum sentence for any person who visibly possesses a firearm during the commission of specified crimes. The Commonwealth's motion to reconsider sentence was denied and it took this appeal alleging that: (1) section 9712 is applicable to unarmed accomplices; and (2) the lower court erred in failing to apply the deadly weapon enhancement section of the sentencing guidelines. For the reasons discussed below, we vacate the judgment of sentence and remand the case for resentencing.

We are constrained to agree with the Commonwealth's first contention due to the recent decision of a panel of this court in *Commonwealth v. Williams*, 353 Pa.Super. 312, 509 A.2d 1292 (1986). In *Williams*, the court

specifically held that "an unarmed accomplice to a crime mandating the imposition of a sentence under § 9712 ... shall be sentenced in accordance thereof if it is shown by the proof that the unarmed accomplice had knowledge that the firearm was visibly possessed by his co-felon in the commission of the crime." *Id.*, 353 Pa.Superior Ct. at 319, 509 A.2d at 1295. In the instant case, the defendant clearly had knowledge of his co-felon's visible possession of the firearm during the robberies. Therefore, pursuant to the holding of *Williams*, he should have received a minimum sentence of five years imprisonment.[1]

1. Although we feel bound to decide this case in accordance with the holding of *Williams*, we note that the *Williams* court relied on decisions of other state courts in determining the scope of section 9712. We believe that a result different from that reached by the *Williams* court could find support in the reasoning and holdings of prior Pennsylvania court decisions.

In Pennsylvania, an accomplice is guilty of the same crime committed by the principal. 18 Pa.C.S. § 306; *Commonwealth v. Coccioletti*, 493 Pa. 103, 425 A.2d 387 (1981). Section 306(d) explains the culpability of an accomplice:

When causing a particular result is an *element of an offense*, an accomplice in the conduct causing such result is an accomplice in the commission of that offense, if he acts with the kind of culpability, if any, with respect to that result that is sufficient for the commission of the offense. (Emphasis added).

As the above section of the accomplice statute indicates, an accomplice is liable for conduct causing a result which is *an element of the offense*. Such conduct creates the legal complicity which renders the actor culpable for the offense. Under the Mandatory Minimum Sentencing Act (section 9712), however, *"visible possession of a firearm during the commission of one of the specified offenses is not an element of the underlying crime, nor does it constitute a separate offense calling for a separate penalty. Statutorily, visible possession of a firearm is a sentencing factor to be determined by the trial judge after conviction." Commonwealth v. Wright*, 508 Pa. 25, 43, 494 A.2d 354, 363 (1985) (Larsen J., concurring) (emphasis added) (Justice Larsen's opinion was joined in by the majority opinion). Thus, in our case, the visible possession of a gun by defendant's cohort was not an element of the robbery.

Next, our courts have considered differing conduct among accomplices to the same crime in determining the appropriate punishment for each accomplice. A trial court is not bound to impose a like sentence on all participants of a crime. *Commonwealth v. Sinwell*, 311 Pa.Super. 419, 457 A.2d 957 (1983); *Commonwealth v. Landi*, 280 Pa.Super. 134, 421 A.2d 442 (1980). Disparate sentences may be imposed on participants of a crime so long as they accurately reflect the degree of culpability or the background of each defendant. *Com-*

466

■ Since defendant is to receive a mandatory five year minimum sentence under section 9712, he should *not* be sentenced to an additional twelve to twenty-four months confinement under the deadly weapon enhancement section of the sentencing guidelines, which applies to defendants sentenced pursuant to the guidelines. 42 Pa.C.S. § 9721, 204 Pa.Code § 303.4.

Judgment of sentence vacated and case remanded for resentencing consistent with this opinion. Jurisdiction is relinquished.

HOFFMAN, J., concurs in the result.

LIPEZ, J., wrote this opinion before the expiration of his term on the court.

monwealth v. Landi, supra. For our purposes, it is significant that in *Landi* this court held that one of the reasons which justified the imposition of a greater sentence on one participant was that he wielded the gun during the commission of the robbery. *Id.*, 280 Pa.Superior Ct. at 140, 421 A.2d at 444.

Section 9712 is directed at those felons who visibly possess a firearm during the commission of a specified crime. As a panel of this court stated, "[i]t is the potential danger of the firearm which section 9712 addresses ..." *Commonwealth v. Healy*, 343 Pa.Super. 323, 325, 494 A.2d 869, 870 (1985). Obviously, the potential danger of the fiream is produced by the person wielding the firearm. It is that person who places the victim in great fear, and who can, with a slight pull of the trigger, kill or gravely injure the victim. To subject the armed felon to more severe punishment than the unarmed felon because of the immediate danger that the former presents to the victim would seem to be reasonable.

Finally, we are bound to construe penal provisions in a strict manner, 1 Pa.C.S. § 1928. Section 9712 states that any *person* convicted on one of the specified crimes, "if the *person* visibly possessed a firearm during the commission of the offense," is to receive a five year minimum sentence. 42 Pa.C.S. § 9712(a) (emphasis added). Furthermore, there is no mention of accomplices in the statute. Contrast this with another sentencing provision, the deadly weapon enhancement section of our sentencing guidelines, which mandates an additional period of confinement when the court determines that "the *defendant or an accomplice* possessed a deadly weapon ... during the commission of the ... offense." 42 Pa.C.S. § 9721, 204 Pa.Code § 303.4. (Emphasis added).