555 A.2d 901

**COMMONWEALTH of Pennsylvania**

v.

**Jamie MATOS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 15, 1988.

Filed Feb. 3, 1989.

Reargument Denied March 30, 1989.

Peter Rosalsky, Assistant Public Defender, Philadelphia, for appellant.

Harriet Bumberg, Assistant District Attorney, Philadelphia, for Com., appellee.

Before OLSZEWSKI, BECK and JOHNSON, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence after appellant was found guilty of robbery, criminal conspiracy, possessing an instrument of crime, and a violation of the Uniform Firearms Act. Appellant argues that the trial court erred by sentencing him pursuant to the mandatory sentencing provisions of 42 Pa.C.S.A. § 9712,[1] as they are

1. Section 9712 provides in pertinent part:

inapplicable to unarmed accomplices. We disagree and affirm the judgment of sentence.

The facts surrounding the present case are set forth in the trial court's opinion:

... On April 16, 1987, at approximately 7:15 p.m., four (4) men robbed a store owner in Philadelphia County at point of gun. Only one (1) of the four (4) participants possessed a weapon—a co-conspirator other than this defendant. All four (4) defendants (footnote deleted) were scheduled to be tried together but, on the day of trial, two (2) defendants, including the one who allegedly physically possessed the firearm, failed to appear. Thus, the cases for only two (2) of the actual participants (including this defendant) and the driver of the car were tried to the jury.

... The record is certain that this defendant never visibly possessed a firearm during the robbery. On the other hand, the record demonstrates that this defendant had knowledge that the firearm was visibly possessed by his co-felon during the commission of the robbery.

Trial court opinion at 2–3.

On February 2, 1988, pursuant to Rule 359(B) of the Pennsylvania Rules of Criminal Procedure,[2] the trial court sentenced appellant to the mandatory minimum term of imprisonment of five-to-ten years for robbery, a concurrent term of two-to-four years for conspiracy, and a concurrent sentence of one-to-two years for the violation of the Uni-

**§ 9712. Sentences for offenses committed with firearms**

(a) **Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of ... robbery ... shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of total confinement ...

42 Pa.C.S.A. § 9712(a).

2. Rule 359(B) reads in pertinent part:

B. In cases in which a mandatory sentence is provided for by law, upon verdict, where the court decides not to impose a sentence greater than the mandatory, the court may immediately impose that sentence.

Pa.R.Crim.P., Rule 359(B), 42 Pa.C.S.A.

form Firearms Act.[3] A motion to modify sentence was timely filed on February 10, 1988. On March 16, 1988, the trial court denied post-verdict motions. Appellant then filed the instant appeal.

█ Appellant presents one issue for review: whether the mandatory sentencing provisions of 42 Pa.C.S.A. § 9712 are inapplicable to unarmed accomplices such as appellant.

Appellant's claim has twice been addressed by separate panels of this Court. In *Commonwealth v. Williams*, 353 Pa.Super. 312, 509 A.2d 1292 (1986), we clearly stated that "an unarmed accomplice to a crime mandating imposition of a sentence under § 9712 of the Mandatory Minimum Sentencing Act shall be sentenced in accordance thereof if it is shown by the proof that the unarmed accomplice had knowledge that the firearm was visibly possessed by his co-felon in the commission of the crime." *Id.*, 353 Pa.Superior Ct. at 319, 509 A.2d at 1295. In *Commonwealth v. Grimmitt*, 354 Pa.Super. 463, 512 A.2d 43 (1986), a different panel followed the rule as announced in *Williams* and applied the mandatory minimum sentence to an unarmed accomplice.

Faced with the rule announced in these decisions, appellant does not now challenge that he had knowledge that his co-conspirator visibly possessed a firearm. Rather, appellant argues that *Williams* was wrongly decided. In support of this argument, appellant points to a footnote set forth in *Commonwealth v. Grimmitt, supra,* in which the Court acknowledged that, while it was following the rule announced in *Williams,* a different result could find support by utilizing certain principles and caselaw not directly on point to the case at bar.[4] Even if we were to agree with

3. The trial court suspended sentence for possessing an instrument of crime based on principles of merger.

4. In this rather extensive footnote, the Court first examined the theories behind accomplice liability and concluded that visible possession of a gun was not an element of robbery; therefore, an accomplice does not have the same degree of culpability as the one who carries the gun. Next, the Court addressed the differences between one who carries a weapon and his accomplice, in terms of sentencing, and concluded that the individual who has possession of the weapon

the analysis set forth in this footnote, we are not in a position at this time to overrule *Williams*. Thus, appellant's claim must be rejected.

■ In the case at bar, the record clearly demonstrates that appellant had knowledge of his co-felon's visible possession of a firearm during the robbery. Accordingly, under the law as announced by *Williams* and followed by *Grimmitt*, the trial court committed no error when it sentenced appellant pursuant to 42 Pa.C.S.A. § 9712 of the Mandatory Minimum Sentence Act.

Judgment of sentence affirmed.

<hr>

normally is given a greater sentence than his accomplice. Finally, the Court argued that penal provisions should be strictly construed and as § 9712 makes no mention of accomplices, as do other sentencing statutes, an accomplice should not be sentenced thereunder. *Commonwealth v. Grimmitt*, 354 Pa.Super. 463, 465–466 n. 1, 512 A.2d 43, 44 n. 1 (1986).