625 A.2d 80

**COMMONWEALTH of Pennsylvania**

v.

**Robert L. MORGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 19, 1993.

Filed May 19, 1993.

346

Shelley Stark, Asst. Public Defender, Pittsburgh, for appellant.

Sandra Preuhs, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and CERCONE, JJ.

CERCONE, Judge.

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Allegheny County, dated June 17, 1992, after appellant was convicted of one count of aggravated assault [1] and one count of reckless endangerment.[2] We affirm.

The facts which gave rise to the charges in this case were aptly stated by the trial judge as follows:

On February 20, 1991, a group of individuals was situated at the corner of Fourth Street and Camp Avenue, located in Braddock. The group was attempting to secure a ride to a party. The victim, Clayton Coleman, stopped at the intersection in a pick-up truck, and was approached by members of the group for a ride to the party. The [appellant], in an automobile, pulled up behind the victim's truck and hollered to the victim to move his vehicle. The victim moved his truck to allow the [appellant] to pass, but the [appellant] got out of his vehicle displaying a gun and fired at least one warning shot into the air. He then approached the victim and shot him in the groin.

Lower Court opinion, filed 9/9/92 at 1-2.

The Honorable Walter R. Little conducted a non-jury trial on April 29, 1992 and found appellant guilty of both counts.

1. 18 Pa.C.S.A. § 2702(a)(1).
2. *Id.* § 2705.

Appellant filed post-trial motions which the trial court denied. On May 6, 1992, the Commonwealth filed notice of its intention to seek the mandatory minimum sentence for committing a crime with a firearm, pursuant to 42 Pa.C.S.A. § 9712. At the sentencing hearing, the trial judge sentenced appellant to a term of incarceration of seven and one-half (7½) to fifteen (15) years. Appellant filed a motion to modify sentence. The trial judge denied the motion and this timely appeal followed.

Appellant raises the following three issues for our review:

1. did the lower court err in imposing sentence based on incorrect guidelines sentence ranges;

2. did the lower court err in imposing the mandatory sentence provisions of 42 Pa.C.S.A. § 9712 *and* [the deadly weapon enhancement of] 204 Pa.Code [§] 303.4;

3. did the Commonwealth fail to disprove beyond a reasonable doubt that Mr. Morgan [appellant] acted in justifiable self-defense?

Because the appropriate relief on appellant's third issue would require an arrest of judgment, we shall consider it first.[3]

 Appellant contends that the Commonwealth failed to sustain its burden of disproving his affirmative defense of self-defense. Such a claim, in essence, is a challenge to the sufficiency of the evidence. It is well settled that when sufficiency of the evidence claims are raised, "an appellate court must review the evidence presented and all reasonable inferences drawn therefrom in a light most favorable to the verdict winner and determine whether on the record there is a sufficient basis to support the challenged conviction." *Commonwealth v. Madison*, 501 Pa. 485, 490, 462 A.2d 228, 231 (1983) (citations omitted). The proper application of this test requires us to evaluate the entire trial record and all evidence

---

3. Appellant also contends that trial counsel was ineffective for failing to preserve his first two issues for our review. Notwithstanding, the trial judge considered these claims in his opinion to this court. Therefore the issues are properly before us. *See Commonwealth v. Moore*, 389 Pa.Super. 473, 567 A.2d 701 (1989) (where the trial court considered an amended post-trial motion on the merits of the issue without granting permission for the defendant to file *nunc pro tunc*, the issue was not waived).

actually received in the aggregate, and not as fragments isolated from the totality of the evidence. *Commonwealth v. Harper*, 485 Pa. 572, 576, 403 A.2d 536, 538 (1979). *See also Commonwealth v. Griscavage*, 512 Pa. 540, 517 A.2d 1256 (1986) (explicating appropriate application of standard of review set forth in *Harper, supra* ). This standard means that we must view the evidence in the light most favorable to the Commonwealth as the verdict winner, and drawing all proper inferences favorable to the Commonwealth, determine if the trier of fact could reasonably have concluded that all of the elements of the crime were established beyond a reasonable doubt. *Commonwealth v. Edwards*, 521 Pa. 134, 143, 555 A.2d 818, 823 (1989). We note that the trier of fact is free to believe all, part, or none of the evidence presented, *Griscavage*, 512 Pa. at 546, 517 A.2d at 1259, and that "the Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Harper*, 485 Pa. at 576, 403 A.2d at 538.

> With regard to the defense of self-defense, we have held: [W]here an accused raises the defense of self-defense under 18 Pa.C.S.A. § 505, the burden is on the Commonwealth to prove beyond a reasonable doubt that the [criminal act] was *not* a justifiable act of self-defense. The Commonwealth sustains its burden of disproving self defense if it establishes *at least one* of the following: 1) the accused did not reasonably believe that he was in danger of death or serious bodily injury; or 2) the accused provoked the use of force; or 3) the accused had a duty to retreat and the retreat was possible with complete safety.

*Commonwealth v. McClain*, 402 Pa.Super. 636, 641, 587 A.2d 798, 801 (1991), *allocatur denied*, 528 Pa. 636, 598 A.2d 993 (1991) (emphasis in original).

In the present case, taking the evidence in a light most favorable to the Commonwealth as the verdict winner, we find that the Commonwealth more than sufficiently disproved appellant's defense of self-defense. The testimony of three of the Commonwealth witnesses, including the testimony of the

victim, Clayton Coleman, demonstrates that appellant was in a car which pulled behind a car driven by Coleman. Coleman had stopped his vehicle in the middle of Fourth Street to talk with acquaintances who were watching a fire in the area. The driver of the car in which appellant was a passenger honked for Coleman to pull to the side of the road. Coleman complied. At this juncture, appellant exited the car and fired a gun in the air. Appellant then approached Coleman, hit him in the face, and shot him in the groin.

Appellant testified that he thought Coleman was brandishing a gun and shot Coleman before Coleman had an opportunity to shoot him. Notwithstanding this evidence, however, the trial judge, sitting as the trier of fact, was free to accept all, some or none of the evidence presented. *Griscavage, supra.* Moreover, the trial judge concluded that had appellant remained in his car, instead of provoking a confrontation, the shooting would never have occurred. We therefore conclude that the trial judge properly found that appellant was not acting is self-defense.

Appellant's next two claims question the trial court's sentencing scheme. He contends that the trial court erred by miscalculating the pertinent sentencing guideline ranges, and by applying the mandatory minimum sentence along with the deadly weapon enhancement. He does not contend that the sentence meted out to him by the trial court is illegal. Rather, appellant challenges the discretionary aspects of his sentence. Appellant has included in his brief a separate statement detailing his averments that a substantial question exists regarding the appropriateness of the sentence imposed under the Sentencing Code as required by the Pennsylvania Rules of Appellate Procedure. *See* 42 Pa.C.S.A. § 9781(b); Pa.R.A.P., Rule 2119(f), 42 Pa.C.S.A.; *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). We may therefore proceed to ascertain whether appellant has raised a substantial question for our review.

The determination of whether a particular issue constitutes a substantial question must be evaluated on a case by

case basis. *Commonwealth v. Losch*, 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987). "However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* Further, an allegation that the sentencing court erroneously applied the Sentencing Guidelines presents a substantial question. 42 Pa.C.S.A. § 9781(c)(1); *Commonwealth v. Scullin*, 414 Pa.Super. 442, 447, 607 A.2d 750, 752 (1992). Here, appellant contends that the sentencing court erroneously utilized an incorrect calculation of the suggested sentence ranges under the guidelines, and by applying the deadly weapons enhancement in the guidelines along with a mandatory sentence. We therefore find that appellant has presented substantial questions for our review and we may proceed to address the merits of his claims.

█ Appellant first maintains that the trial judge incorrectly ascertained the sentencing ranges in the sentencing guidelines. The trial judge conceded that the sentencing ranges enunciated at the sentencing hearing were incorrect. He claims, however, that he had already relied on the Commonwealth's proper calculations in the sentencing form it prepared. We have reviewed that sentencing form and find that its calculations were, in fact, correct. We therefore find no error in the trial court's reliance on the Commonwealth's calculations, despite the erroneous rendition of the sentencing ranges at the hearing.

█ Next, appellant argues that the trial judge erred in applying the Mandatory Minimum Sentence, pursuant to 42 Pa.C.S.A. § 9712 [4] and the deadly weapon

---

4. Section 9712 states in pertinent part:

(a) **Mandatory sentence.**—Any person who is convicted in any court of this Commonwealth of ... aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) (relating to aggravated assault), ... shall, if the person visibly possessed a firearm during the commission of the offense, be sentenced to a minimum sentence of at least five years of

enhancement.[5] In the present case, the trial judge sentenced appellant to a term of imprisonment of ninety (90) to one hundred eighty (180) months. The trial judge applied the deadly weapon enhancement to the sentencing ranges, as follows:

| | |
|---|---|
| Standard Range: | 84–114 months |
| Aggravated Range: | 102–136 months |
| Mitigated Range: | 66–96 months |

Thus, the sentence fell within the standard range of sentencing and comported with the mandatory minimum sentence. Relying on this court's decision in *Commonwealth v. Grimmitt*, 354 Pa.Super. 463, 512 A.2d 43 (1986), appellant contends that it was error to apply the deadly weapon enhancement in this case where the mandatory minimum sentence was sought. In *Grimmitt*, the defendant pled guilty to two counts of robbery in which his cohort pointed a pistol at the victim. Although the Commonwealth sought to apply the mandatory minimum under section 9712, the sentencing court sentenced Grimmitt to a term of imprisonment of eleven and one-half (11½) to twenty-three (23) months. The Commonwealth appealed and we reversed. We held that consistent with our decision in *Commonwealth v. Williams*, 353 Pa.Super. 312, 509

---

total confinement notwithstanding any other provision of this title or other statute to the contrary.

\* \* \* \* \* \*

(c) **Authority of court in sentencing.**—There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentenced provided in this section. 42 Pa.C.S.A. § 9712.

5. When calculating the sentencing ranges, the sentencing guidelines mandate the following procedure:

When the court determines that the defendant possessed a deadly weapon, as defined in 18 Pa.C.S.A. § 2301 (relating to definitions), during the commission of the current conviction offense; at least 12 months and up to 24 months confinement shall be added to the guideline sentence range which would otherwise have been applicable.

204 Pa.Code § 303.4, 42 Pa.C.S.A. § 9721.

A.2d 1292 (1986), the mandatory minimum sentence was applicable to cases involving accomplices who did not visibly possess firearms. Thus, we held that Grimmitt should have received a minimum sentence of five years imprisonment. *Grimmitt*, 354 Pa.Super. at 465, 512 A.2d at 44.

The Commonwealth also alleged, however, that the trial court erred in failing to apply the deadly weapon enhancement section of the sentencing guidelines. As to that point, we held:

> Since defendant is to receive a mandatory five year minimum sentence under section 9712, he should not be sentenced to an additional twelve to twenty-four months confinement under the deadly weapon enhancement section of the sentencing guidelines, which applies to defendants sentenced pursuant to the guidelines.

*Id.* at 466, 512 A.2d at 45.

Because we directed the trial court in *Grimmitt* not to impose an additional twelve to twenty-four months onto the mandatory minimum sentence, appellant in the case *sub judice* argues that the trial court erred by applying both the mandatory minimum sentence as well as the deadly weapons enhancement.[6] We do not interpret the decision in *Grimmitt* as broadly as appellant, however.

We find pertinent language from the commentary to the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing germane to our holding. The sentencing commission discussed how mandatory sentences are to be applied with the sentencing guidelines:

> Most of the mandatory sentencing statutes explicitly state that the guidelines do not supersede the mandatory minimum sentencing provisions, while other mandatory sentencing statutes do not include such language. The law seems to be the same whether the mandatory statute includes this provision or not: in all cases subject to a mandatory sen-

6. The decision in *Grimmitt* did not explain how the sentencing guidelines factored into the trial court's sentence. What is certain, however, is that the trial judge sentenced Grimmitt to a term substantially below the minimum sentence required by section 9712.

tencing law, the court has no power to sentence below the mandatory minimum notwithstanding any guidelines provision.

*However, the court must consider the guidelines whenever the guidelines suggest a longer sentence than the mandatory minimum required.*

A guideline sentence form is required for all cases that are subject to a mandatory minimum sentence law, regardless of whether the guidelines suggest a sentence above or below the minimum sentence required by the mandatory law. Where the guidelines suggest a longer sentence than the mandatory minimum law, and the court chooses to impose the mandatory minimum sentence, reasons for departure must be given.

Pa.C.Sent.3d Section V (August 1, 1988) (emphasis added). The commentary concerning statutorily mandated sentences provides:

When a required mandatory minimum sentence is required by statute, one or more of the ranges that would normally be correct may include sentence suggestions that are shorter than the mandatory minimum sentence. In such cases, the suggested guidelines ranges are those parts of the standard, mitigated, or aggravated ranges which are equal to or above the shortest length of confinement allowed by law. If no part of the aggravated range is longer than the mandatory minimum sentence, then the mandatory minimum is the guidelines sentence recommendation.

Pa.C.Sent.3d § 303.9(b) (August 1, 1988). In reconciling the mandatory minimum sentence for crimes committed with firearms and the deadly weapon enhancement, we recognize that the deadly weapons enhancement applies solely to the sentencing guideline calculation. It is not to be utilized with a mandatory sentence. It only enhances the suggested sentences found in the sentencing guidelines. In contrast, the mandatory minimum sentence for crimes committed with firearms is the shortest sentence possible for such crimes, notwithstanding sentencing guideline ranges which may be lower. The sentencing court has no discretion in refusing to apply

either the mandatory minimum sentence or the deadly weapons enhancement. *See* 42 Pa.C.S.A. § 9712(c) (the trial court has no authority to impose a lesser sentence than that provided in section 9712(a)); *Commonwealth v. Cornish,* 403 Pa.Super. 492, 589 A.2d 718 (1991) (sentencing court may not disregard the deadly weapon enhancement in determining the appropriate guidelines sentencing ranges). Since the trial court must consider both the mandatory minimum sentence and the deadly weapons enhancement in fashioning sentence, we are compelled to find that our decision in *Grimmitt* cannot be interpreted so broadly as to exclude consideration of one where both are applicable. We therefore interpret our decision in *Grimmitt, supra,* as prohibiting the trial court from tacking the deadly weapons enhancement onto the mandatory minimum sentence itself. Rather, in accordance with the sentencing guidelines, the trial court must add the deadly weapons enhancement to the appropriate sentencing ranges to ascertain whether the sentence should be higher than the mandatory minimum.

In the case *sub judice,* the trial judge sentenced appellant in accordance with the sentencing guidelines after accounting for the deadly weapon enhancement. He did not, as this court held was error in *Grimmitt,* tack the deadly weapon enhancement onto the mandatory minimum sentence of five years. We therefore find that the sentence imposed on appellant was appropriate.

Judgment of sentence affirmed.