J-S38043-20

2020 PA Super 241

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MAYNARD LEE BROWN | : | |
| | : | |
| Appellant | : | No. 2046 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 18, 2019
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000216-2019

BEFORE:   KUNSELMAN, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:                **FILED SEPTEMBER 28, 2020**

Appellant, Maynard Lee Brown, appeals from the judgment of sentence entered in the Court of Common Pleas of Bradford County after he pleaded guilty to the offense of Driving Under the Influence ("DUI"), 75 Pa.C.S.A. § 3802(a)(2), an ungraded misdemeanor and his first such offense in ten years. Sentenced to a term of three months' to six months' imprisonment, Appellant contends his minimum sentence of incarceration was illegal because 75 Pa.C.S.A. § 3804(a)(1)(i) provides that a first time offender under Section 3802(a)(2) shall undergo a mandatory minimum term of six months' probation.  We affirm.

On the evening of August 20, 2018, Pennsylvania State Trooper Robert Borkowski was traveling in a marked patrol vehicle along the Berwick Turnpike near Dubert Road in Springfield Township, Bradford County, when he noticed

_____

[*] Former Justice specially assigned to the Superior Court.

a vehicle driving on a dirt path just off the Turnpike. N.T. (Preliminary Hearing) 3/27/19, at 7. As he was observing the vehicle he could see the operator, Appellant, return his gaze, immediately turn off the headlights to his vehicle, and continue driving along the path. N.T. at 7. Trooper Borkowski encountered Appellant about one minute later and determined he was intoxicated after detecting the odor of alcohol on his breath and conducting a field sobriety test, which Appellant failed. N.T. at 9. Appellant was arrested for DUI, and a subsequent blood draw performed within two hours later resulted in a blood alcohol content of .095 percent. N.T. at 14.

As noted, Appellant eventually pleaded guilty to Section 3802(a)(2), first offense, and the court indicated it intended to impose a guideline range sentence of three to six months' incarceration. Appellant immediately objected to the prospective sentence, arguing that a guideline sentence would unlawfully exceed the mandatory minimum sentence expressed in Section 3804(a)(1),[1] which provides that a first-time offender shall be sentenced to

---

[1] 75 Pa.C.S.A. § 3804, **Penalties**, provides in pertinent part:

**(a) General impairment.--**Except as set forth in subsection (b) or (c), an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be sentenced as follows:

    (1) For a first offense, to:
    (i) undergo a mandatory minimum term of six months' probation;

. . . .

75 Pa.C.S.A. § 3804(a)(1)(i).

undergo a mandatory minimum term of six months' probation. The Commonwealth, citing what it perceived as the customary sentencing practices of the court with respect to first offenders for purposes of Section 3802, also recommended the court impose the mandatory minimum of six months' probation.

The court declined to do so, opining that the mandatory minimum sentence in question merely sets a floor beneath which a minimum sentence may not fall and does not represent the sole option for a minimum sentence.

The court reviewed Appellant's presentence investigation report, which noted the applicable standard range guideline minimum sentence of 3 months' incarceration and further documented Appellant's long history of driving offenses including three previous DUIs, a conviction for Reckless Driving, and five other traffic offenses. As a result, the court determined the mandatory minimum sentence was inadequate under the given record.

Accordingly, the court imposed a guideline range sentence of incarceration, and this timely appeal followed.

Appellant raises the following question for our review:

[Should] Maynard Brown's sentence imposed under 75 Pa.C.S.A. § 3804(a)(1) . . . have been a mandatory minimum term of six months' probation with no period of confinement included in that sentence[?]

Appellant's brief, at 4.[2]

---

[2] We note the Commonwealth has filed no Appellee's brief in the instant appeal.

It is well settled that a plea of guilty amounts to a waiver of all non-jurisdictional defects and defenses. *Commonwealth v. Morrison*, 173 A.3d 286, 290 (Pa. Super. 2017). A defendant may generally only appeal matters concerning the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence. *Id*. Additionally, when a defendant pleads guilty without an agreement as to the sentence, he may challenge the discretionary aspects of the sentence imposed. *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa. Super. 2005).

Here, Appellant contends the trial court had no authority to impose a minimum sentence greater than the six months' probation that Section 3804(a)(1)(i) sets forth as a mandatory minimum sentence. Specifically, he maintains that the court was not permitted to rely as it did upon the record or sentencing guidelines where the plain and unequivocal statutory language setting forth the mandatory minimum term of sentencing required imposition of a six month probationary sentence. This argument is directed to the legality of Appellant's sentence. *See Commonwealth v. Taylor*, 104 A.3d 479, 488–89 (Pa. 2014) (holding claim that court failed to impose a sentence required by statute implicates the legality of sentence).

While Appellant fails to cite to a decision supporting his statutory interpretation, our review discloses a line of Commonwealth Court decisions rejecting the position that Section 3804(a)(1) precludes the possibility of jail time for a first time offender. In *Sivak v. Com., Dep't of Transp., Bureau of Driver Licensing*, 9 A.3d 247, 253 (Pa. Commw. 2010), the

Commonwealth Court rejected the Pennsylvania Department of Transportation's appeal from the lower court's order reversing DOT's issuance of one-year license suspension, as the Court found the driver's sentence of incarceration for his first offense under Section 3804(a)(1) offense did not support DOT's inference that a sentencing enhancement for refusal of blood testing must have been applied. In so holding, the Court observed, "This Court finds no support in the Code or case law for DOT's assertion that jail time takes an offender out of Section 3804(a)(1)."). **Accord Dyson v. Com. Dep't of Transp. Bureau of Driver Licensing**, 18 A.3d 414, 419 (Pa. Commw. Ct. 2011) (holding, consistent with **Sivak**, that Section 3804(a)(1)(i) does not preclude a first time offender from receiving a sentence of incarceration).[3]

Appellant offers no compelling reason for this Court to depart not only from the Commonwealth Court's jurisprudence declining to construe Section 3804(a)(1) as requiring in all cases a minimum sentence of probation for all first-time offenders, but also from our own jurisprudence obligating courts to consider guideline sentences when they exceed mandatory minimum sentences.

In **Commonwealth v. Lewis**, 45 A.3d 405, 411–13 (Pa. Super. 2012) (*en banc*) this Court reviewed whether a trial court had abused its discretion

---

[3] Although the decisions of the Commonwealth Court are not binding on this Court, we may look to them for their persuasive value. **Commonwealth v. Heredia**, 97 A.3d 392, 395 n.7.

when it imposed a sentence exceeding the applicable mandatory minimum sentence of 84 months for PWID after considering both the standard guideline range of 72 to 90 months and the statutory maximum sentence of 120 months, which the Commonwealth recommended. At the outset, our Court, sitting *en banc,* acknowledged that it was the trial court's *obligation* to consider the imposition of a guideline range sentence when the guidelines exceeded the statutory mandatory minimum sentence:

> A sentencing court "has no power to sentence below the mandatory minimum notwithstanding any guidelines provision." ***Commonwealth v. Morgan***, 425 Pa.Super. 344, 625 A.2d 80, 84–85 (1993). However, the sentencing court must consider the sentencing guidelines "whenever the guidelines suggest a longer sentence than the mandatory minimum required." *Id.* (emphasis omitted). ***See also*** 204 Pa.Code § 303.9 (stating that "[w]hen the [guidelines] sentence recommendation is higher than that required by a mandatory sentencing statute, the court shall consider the guideline[s] sentence recommendation").
>
> In the present case, the guidelines sentence recommendation was 72 to 90 months for the standard range, plus or minus twelve months for the aggravated and mitigated ranges. Thus, the aggravated range recommended sentence for Lewis was up to 102 months. In contrast, the mandatory minimum sentence of seven years was equivalent to a sentence of 84 months. Accordingly, the sentencing court should have considered the sentencing guidelines recommendation, as it was greater than the mandatory minimum sentence. ***See Morgan***, ***supra****.*
>
> The record shows that the sentencing court was aware of the guidelines recommendation. ***See*** *N.T.,* 4/16/09, at 4–5, 6. The Commonwealth, however, recommended that the court sentence Lewis to the statutory maximum of ten to twenty years. ***Id.*** at 7; ***see also*** 35 P.S. § 780–115 (providing that a person convicted of a second or subsequent offense of PWID "may be imprisoned for a term up to twice the term otherwise authorized"); 35 P.S. § 780–113(f)(1.1) (stating that a sentence for PWID cocaine is up

to ten years in prison). The sentencing court accepted that recommendation. N.T., 4/16/09, at 25.

*Lewis*, 45 A.3d at 411–13.

Therefore, we reject Appellant's bare assertion that the mandatory minimum sentencing provision within Section 3804(a)(1) represents the only sentence available to a court in imposing sentence in such cases, and we find that the trial court's sentence herein was consistent with controlling authority requiring courts to consider imposition of applicable guideline range sentences when they exceed statutory minimums.

As the trial court properly imposed sentence in accordance with such precedent, we reject Appellant's present challenge.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/28/2020

- 7 -