J-S41026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JAKIYE TAYLOR :
:
Appellant : No. 238 EDA 2025

Appeal from the Judgment of Sentence Entered December 16, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002138-2022

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BECK, J.:                    **FILED FEBRUARY 23, 2026**

Jakiye Taylor ("Taylor") appeals from the judgment of sentence imposed by the Northampton County Court of Common Pleas ("trial court") following his guilty plea to one count of third-degree murder.[1]  Taylor challenges the applicability of the deadly weapon used enhancement to his sentence.  After careful review, we conclude that the trial court correctly applied the sentencing enhancement based on the uncontested facts of the case and therefore affirm.

On August 8, 2021, Taylor and Kevin Littles, Jr. ("Littles"), arranged to purchase marijuana from Elijah Johnson ("Johnson") and Jayzell Sanders

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(c).

("Sanders"). The parties met in the parking lot of the Target in Nazareth Township. Taylor and Littles entered the back of Johnson's vehicle. During the drug deal, Taylor and Littles each brandished a firearm and attempted to rob Johnson and Sanders. Johnson, sitting in the driver's seat, lunged at Littles in the back of the car. During the struggle, Littles shot and killed Johnson. Sanders got out of the car and ran across the parking lot, at which point Taylor and Sanders exchanged gunfire. Subsequently, Taylor and Littles fled the scene together.

Police arrested Taylor and Littles, and the Commonwealth charged Taylor with numerous crimes, including, inter alia, third-degree murder, attempted homicide, and two counts of robbery. On October 8, 2024, Taylor agreed to a negotiated guilty plea to one count of third-degree murder in exchange for the dismissal of his remaining charges. Taylor and the Commonwealth did not agree to a sentence as part of the plea deal. During the guilty plea colloquy, Taylor admitted that he was involved in the shooting death of Johnson. The trial court accepted the plea and deferred sentencing for the preparation of a presentence investigation report.

At sentencing, the trial court applied the sentencing enhancement for "use" of a deadly weapon and calculated his standard range sentence to be between 186 and 240 months. Ultimately, the trial court sentenced Taylor to twenty to forty years in prison. Taylor filed a motion to reconsider his sentence, which the trial court denied. Taylor then filed this timely appeal and

a court-ordered concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Taylor raises the following question for our review: "Did the trial court err and abuse its discretion when it applied the deadly weapon used enhancement without evidence that [Taylor] used a deadly weapon as defined by the Sentencing Code in the commission of the offense, given that he pled guilty as an accomplice?" Taylor's Brief at 5 (unnecessary capitalization omitted).

Taylor's claim challenges the discretionary aspects of his sentence.[2] *See Commonwealth v. Tavarez*, 174 A.3d 7, 9-10 (Pa. Super. 2017) (finding claim that the trial court abused its discretion in applying the deadly weapon used enhancement challenges the discretionary aspects of sentencing). "The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal." *Commonwealth v. Davis*, 341 A.3d 808, 812 (Pa. Super. 2025) (citation omitted). To invoke this Court's jurisdiction, Taylor must satisfy the following four-part test:

> (1) the appellant preserved the issue by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth in his brief a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pennsylvania Rule of Appellate Procedure

---

[2] We note that when a defendant enters an open guilty plea, he may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

2119(f); and (4) the appellant raises a substantial question for review.

*Id.* at 812-13 (citation omitted).

The record reflects that Taylor raised the claim he now presents before this Court in his post-sentence motion and filed a timely appeal. Additionally, Taylor's brief contains a Rule 2119(f) statement, wherein he asserts that the trial court incorrectly applied the deadly weapon used enhancement. Taylor's Brief at 16. This raises a substantial question. *See Tavarez*, 174 A.3d at 10 (stating that "[a] substantial question is raised where an appellant alleges his sentence is excessive due to the sentencing court's error in applying the deadly weapon enhancement") (citation omitted). Thus, we can address Taylor's sentencing claim.[3]

Our standard of review of a discretionary sentencing challenge is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. Appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

_____

[3] We note that although Taylor raised this precise claim in his 1925(b) statement, the trial court did not address it in its written opinion. Nonetheless, as Taylor contends that the sentencing enhancement was inapplicable as a matter of law, we can review the claim without an explanation by the trial court.

***Commonwealth v. Devine***, 326 A.3d 935, 939 (Pa. Super. 2024) (citations omitted).

Taylor contends that the trial court erred in applying the deadly weapon used enhancement to his sentence. Taylor's Brief at 17. Without the enhancement, Taylor claims the standard range sentence would have been 168 months to the statutory limit of 240 months. ***Id.*** at 19. He argues that he pled guilty to third-degree murder as an accomplice to Littles in Johnson's death, and that it was Littles, not Taylor, who shot and killed Johnson. ***Id.*** According to Taylor, the deadly weapon used enhancement cannot apply in this circumstance because Littles used his firearm. ***Id.***

Noting that the deadly weapon enhancement applies when an "offender" used a deadly weapon during the crime, Taylor asserts that the offender "refers to the primary actor in a crime and not to an accomplice or conspirator." ***Id.*** at 19-20. To that end, Taylor relies on ***Commonwealth v. Ali***, 112 A.3d 1210 (Pa. Super. 2015) (addressing a youth enhancement and finding "offender" to mean the primary actor of the crime, not an accomplice), *vacated in part on other grounds by*, 149 A.3d 29 (Pa. 2016).[4] Taylor's Brief

---

[4] Although the Supreme Court vacated portions of the ***Ali*** decision, there was no appeal from the part of the decision upon which Taylor relies. Thus, that aspect of the Superior Court decision in ***Ali*** remains good law, as evidenced by the remand order by the Supreme Court: "Accordingly, we vacate the order of the Superior Court and remand for resentencing consistent with this opinion **and the Superior Court's independent grounds for remand implicating the school zone and youth enhancements under the Sentencing Guidelines**." ***Ali***, 149 A.3d at 39 (emphasis added).

at 20. He further distinguishes *Commonwealth v. Pennington*, 751 A.2d 212 (Pa. Super. 2000) (applying deadly weapon possessed enhancement on a co-conspirator), emphasizing that case involved a defendant who "possessed" a deadly weapon, not used a deadly weapon. Taylor's Brief at 20-21.

In *Ali*, a jury found two co-defendants—the owner of a convenience store and his employee, the appellant—guilty of possession with intent to deliver/delivery of synthetic marijuana. *Ali*, 112 A.3d at 1214-15. The store owner, not the appellant, sold synthetic marijuana to a girl who was under the age of eighteen. *See id.* As such, the appellant was convicted of delivery to the minor solely as an accomplice to the store owner. *See id.* at 1231. The trial court utilized the youth enhancement[5] in sentencing appellant. *Id.* at 1215, 1231. This Court found that there was no case law interpreting "offender" as used in the youth enhancement provision, and instead interpreted this term according to its common meaning. *Id.* at 1231. Noting Black's Law Dictionary defined "offender" as "a person who has committed a crime," we found that this definition "refers only to the primary actor in a crime, and not to an accomplice or a conspirator." *Id.* (quoting Black's Law Dictionary 1110 (8th ed. 2004)). The Court concluded that "in this limited

---

[5] The youth enhancement requires an enhancement of sentence "[w]hen the court determines that the offender distributed a controlled substance to a person or persons under the age of 18[.]" 204 Pa. Code § 303.10(b)(1).

circumstance," "offender" does not include the primary actor's accomplices.
**Id.**  We further noted that this conclusion is consistent with the "principle that sentencing enhancements apply only to principal crimes and not to inchoate crimes."  **Id.** (citing Description following Guideline Text § 303.10(b) of Sentencing Guidelines Implementation Manual, 6/13/1997, 5th Ed. at 201) (recognizing that the youth enhancements do not apply to inchoate crimes). Consequently, this Court held that the sentencing enhancement did not apply to the appellant.  **Id.** at 1232.

We do not find the **Ali** panel's reasoning under the youth enhancement to be controlling under the facts and circumstances of the case at bar.[6]  The deadly weapon used enhancement applies "when the court determines that the offender used a deadly weapon during the commission of the current conviction offense[.]"204 Pa. Code. § 303.10(a)(2).  "An offender has used a deadly weapon if [a firearm was] employed by the offender in a way that threatened or injured another individual."  **Id.**  Under this provision, "the record must show, by a preponderance of the evidence, that the defendant used the weapon to threaten or injure the victim while committing the particular offense."  **Commonwealth v. Williamson**, 330 A.3d 407, 420 (Pa. Super. 2025) (citation and quotation marks omitted).  "The Deadly Weapon

---

[6]  We additionally note that the **Ali** Court explicitly interpreted the term "offender" under the specific language of the youth enhancement, limiting its holding to that provision.  **See Ali**, 112 A.3d at 1231.

Enhancement shall apply to each conviction offense for which a deadly weapon is possessed or used." 204 Pa. Code. § 303.10(a)(4).

The record reflects that Taylor admitted the facts as stated by the Commonwealth on the record during his guilty plea colloquy. N.T., 10/8/2024, at 31-40. Of particular relevance, he admitted that he "pulled out a gun" and threatened Johnson with it at the time that Littles pulled the trigger and killed him, and that he participated in the shooting death of Johnson. *Id.* at 33-34, 37-38. Applying the plain language of the sentencing enhancement, Taylor "used a deadly weapon" by "employing [a gun] in a way that threatened" Johnson "during the commission of the current conviction offense," i.e., third-degree murder. *See* 204 Pa. Code § 303.10(a)(2). This same plain language approach has been utilized by this Court in applying the deadly weapon possessed enhancement to accomplices under 204 Pa. Code § 303.10(a)(1).[7] *See, e.g., Commonwealth v. Bowen*, 612 A.2d 512, 516 (Pa. Super. 1992) (concluding the deadly weapon possessed enhancement should have been imposed because the defendant, while not possessing a firearm, had the firearm within his immediate physical control where his two accomplices had firearms and defendant had ready access to possessing it).

_____

[7] The deadly weapon possessed enhancement is applied "when the court determines that the offender possessed a deadly weapon during the commission of the current conviction offense…. An offender has possessed a deadly weapon if any [from an enumerated list] were on the offender's person or within his immediate physical control[.]" 204 Pa. Code § 303.10(a)(1).

It is uncontested that Taylor's conviction of third-degree murder was based on his role as an accomplice, as he promoted or facilitated the killing by aiding Littles in his commission of the crime. *See* Commonwealth's Brief at 3 (conceding Taylor was an accomplice); Taylor's Brief at 18, 19 (same); *see also* 18 Pa.C.S. § 306(c)(1)(ii) (defining accomplice). During the murder, however, Taylor was an offender who used a deadly weapon by threatening Johnson with a gun at the time of Johnson's murder. Therefore, the trial court did not abuse its discretion in applying the deadly weapon used enhancement in imposing Taylor's sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/23/2026