J-S01040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK ANTHONY PERRY | : | |
| | : | |
| Appellant | : | No. 962 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 15, 2023
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0001178-2022

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARK ANTHONY PERRY | : | |
| | : | |
| Appellant | : | No. 963 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 15, 2023
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0000567-2022

BEFORE:   PANELLA, P.J.E., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED: AUGUST 7, 2024**

Mark Anthony Perry appeals from the judgments of sentence that were imposed following his guilty pleas to two counts of retail theft. *See* 18 Pa.C.S. § 3929(a)(1). Having originally been admitted into Cumberland County Treatment Court ("Treatment Court"), Perry was removed from that

---

[*] Retired Senior Judge assigned to the Superior Court.

alternative sentencing program after the lower court found merit to a petition alleging that Perry had committed ten violations of that program's conditions. Resultantly, Perry was sentenced to two consecutive twelve-to-thirty-month terms of incarceration for an aggregate sentence of twenty-four to sixty months. Perry timely appealed from these newly imposed sentences, and his counsel has filed a petition to withdraw from representation and a corresponding brief pursuant to **Anders v. California**, 386 U.S. 783 (1967). Following our thorough review of the record, we affirm Perry's judgments of sentence and additionally grant counsel's petition to withdraw.

Briefly, following his guilty pleas at both docket numbers[1], Perry was admitted into Treatment Court and "directed to abide by all of its terms and conditions." **See** Guilty Plea Order, 9/22/22. Thereafter, Perry committed multiple violations of Treatment Court's conditions, such as repeatedly providing "adulterated," "diluted," or "fake" urine for drug testing, using methamphetamines, and, eventually, totally absconding from the program, leading to the issuing of a bench warrant. Petition for Removal from Treatment Court, 5/16/23, at ¶¶ 1-9.[2] Subsequently, Perry "acknowledged that he [was] in violation of the terms of his Treatment Court [p]rogram" and was "removed[.]" Order, 6/6/23. Perry was sentenced approximately one week

---

[1] Perry's appeals at the two lower court dockets were consolidated *sua sponte* by this Court. **See** Order, 8/15/23.

[2] Perry was also arrested and charged with various offenses in an unrelated matter by the Harrisburg Police Department. **See** Petition for Removal from Treatment Court, 5/16/23, at ¶ 10.

later and timely appealed from the court's judgments of sentence. In lieu of filing a concise statement, **see** Pa.R.A.P. 1925(b), Perry's counsel filed a notice of his intent to file an **Anders** brief, **see** Pa.R.A.P. 1925(c)(4).

Prior to any substantive consideration of Perry's appeal, we must first analyze counsel's petition to withdraw and **Anders** brief. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010). To withdraw from representation, counsel must avail himself of a well-defined set of procedures. In particular, counsel is required to:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous;
>
> (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and
>
> (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points [counsel] deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court expounded upon the necessary components of an **Anders** brief, requiring that counsel:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is

- 3 -

> frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id*., at 361. If there is compliance with these requirements, this Court must then "conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Here, counsel has satisfactorily complied with ***Anders***. First, the petition to withdraw establishes that "[a]fter careful consideration of the above-referenced record in the instant case as well as relevant authority, [c]ounsel has determined that any appeal based on issues raised regarding the discretionary aspects of sentencing[] would be frivolous." Petition to Withdraw as Counsel, 10/25/23, ¶ 1; ***see also id***., at ¶ 2 (stating, further, that "[c]ounsel did not discover any other non-frivolous issue for appeal[]"). Second, counsel's ***Anders*** brief substantially confirms to the dictates of ***Santiago***, containing both a procedural and factual history of Perry's case and stating counsel's reasons for concluding that the appeal is frivolous. ***See Anders Brief***, at 6-8. Third, counsel has included a copy of the letter that he sent to Perry, which evinces counsel's clear intention to withdraw from representation and, too, informs him of his right to either seek new counsel or proceed *pro se*. ***See*** Letter from Counsel to Mark Anthony Perry, dated

7/13/13.[3] Because the technical requirements of **Anders** have been met, we review the brief's contents to ascertain the frivolousness of any issues counsel has raised. Following that analysis, we independently review the record to establish whether Perry's appeal is wholly without merit.

The sole issue discussed in the **Anders** brief is whether Perry has any non-frivolous basis to challenge his sentences, specifically insofar as they were imposed at the court's discretion. In his guilty plea colloquy, Perry agreed that if he "did not complete [Treatment Court], the court [would] sentence [him] to all of the charges which [he] had pled in order to enter [that Court]." Treatment Court Guilty Plea Colloquy, 9/22/22, at ¶ 14. Moreover, Perry acknowledged his violations of Treatment Court, leading to his removal. **See** Order, 6/6/23.

First, we note that Perry's two consecutive sentences were both in the standard range of the sentencing guidelines. Fundamentally, however, a challenge to the discretionary aspects of his sentence is not reviewable "as of right." **Commonwealth v. Caldwell**, 117 A.3d 763, 768 (Pa. Super. 2015)

_____

[3] We note that the letter is dated several months prior to the filing of the **Anders** brief and references that said brief would be filed in the future. However, in a subsequent filing, Perry's counsel indicated that the letter "was submitted with the **Anders**/**McClendon** [b]rief." Response to Order, 10/27/23. The letter was attached as an appendix to the **Anders** brief, and counsel's Petition to Withdraw as Counsel establishes that he had "furnished a copy of the brief" to Perry and "advised [him] of the right to retain new counsel or raise any additional points deemed worth of the court's review[.]" Petition to Withdraw as Counsel, 10/25/23, at 2. Although the letter correctly informs Perry of his rights, we note the confusing nature of its date.

(*en banc*) (citation omitted). Instead,

> [b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
> > An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id*. (citation omitted).

As Perry did not file a post-sentence motion challenging the discretionary aspects of his sentence or preserve any claim at the sentencing hearing, he has failed to properly invoke this Court's jurisdiction and would be accordingly entitled to no relief. ***See Caldwell***, 117 A.3d at 768; ***see also*** N.T., 6/15/23, at 8-9 (Perry stating, after sentencing, that he did not want to file a post-sentence motion). Additionally, while Perry's sentences are consecutive rather than concurrent, which, by its very nature, may raise a substantial question in "the most extreme circumstances," ***Commonwealth v. Radecki***, 180 A.3d 441, 469 (Pa. Super. 2018) (citations omitted), we are nevertheless without jurisdiction to substantively entertain a challenge to his sentence structure considering Perry's failure to raise the issue before the trial court.

Pursuant to ***Anders***, we have independently reviewed the record in search of other non-frivolous issues. However, this review has revealed no

viable issues that Perry could pursue on appeal.[4]

Having found no non-frivolous issues and in further seeing no merit to anything explored in the **Anders** brief, we grant counsel's petition to withdraw and affirm Perry's judgments of sentence.

Petition to withdraw from representation granted. Judgments of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/07/2024

_____

[4] As Perry entered a guilty plea in this matter, the only additional issues he could have raised are challenges to the jurisdiction of the court that accepted his plea, the validity of the guilty plea, and the legality of the sentence. **See Commonwealth v. Brown**, 240 A.3d 970, 972 (Pa. Super. 2020). The record is clear that there can be no meritorious challenge to the trial court's jurisdiction or the legality of Perry's sentences, as the crimes were committed in Cumberland County, and Perry's sentences were within the seven-year maximum applicable to third-degree felonies. **See** 18 Pa.C.S. § 1103(3); 18 Pa.C.S. § 3929(b)(1)(iv) (retail theft is a "[f]elony of the third degree when the offense is a third … offense, regardless of the value of the merchandise[]"). Furthermore, all of the essential components for a voluntary and knowing plea were covered during Perry's written and oral plea colloquies, and in any event, any challenge to the plea would be waived because it was not preserved in the lower court. **See Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013) (requiring an objection during the plea colloquy or a motion to withdraw the plea within ten days of sentencing); **Commonwealth v. Pollard**, 832 A.2d 517, 522-23 (Pa. Super. 2003) (discussing the components of a valid guilty plea).