J-S33041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRADLEY DAVIS | : | |
| | : | |
| Appellant | : | No. 1484 MDA 2023 |

Appeal from the Judgment of Sentence Entered April 28, 2023
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0000380-2021

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: OCTOBER 22, 2024**

Appellant Bradley Davis appeals the judgment of sentence imposed after he pled guilty to corruption of minors.[1]  On appeal, Appellant challenges the discretionary aspects of his sentence.  We affirm.

The underlying facts are well known to the parties.  *See* Trial Ct. Op., 2/23/24, at 1-5.  Briefly, Appellant was charged with multiple offenses in connection with a sexual assault of a child.  On January 9, 2023, Appellant entered an open guilty plea to one count of corruption of minors, graded as a felony of the third degree.  The trial court deferred sentencing for the Sexual Offenders Assessment Board (SOAB) to determine whether Appellant met the criteria for classification as a sexually violent predator (SVP).

_____

[1] 18 Pa.C.S. § 6301(a)(1)(ii).

On April 27, 2023, the trial court conducted a sentencing and SVP hearing. Ultimately, the trial court concluded that Appellant was an SVP and ordered Appellant to comply with the lifetime registration requirements under Subchapter H of the Sexual Offender Registration and Notification Act[2] (SORNA). Additionally, the trial court sentenced Appellant to a term of twenty-three months to seventy-two months less one day of incarceration, followed by one year of probation. The trial court also ordered that Appellant be paroled to house arrest. The following day, the trial court entered an order, amending Appellant's sentence to twenty-three months to sixty months less one day of incarceration, followed by two years of probation. Trial Ct. Order, 4/28/23, at 1. The trial court indicated that its intent was to "correct the sentence so as to abide by 42 Pa.C.S.[] § 9762(b)(2) and allow [Appellant's] sentence to be served at the Lackawanna County Prison."[3] *Id.* at 1 n.1.

Appellant subsequently filed a timely post-sentence motion, in which he requested, among other things, that the trial court reconsider its sentence. *See* Appellant's Post-Sentence Mot., 5/2/23, at ¶¶ 12-13. The trial court ultimately denied Appellant's post-sentence motion.

_____

[2] 42 Pa.C.S. §§ 9799.10–9799.42.

[3] The trial court's amended order states that it is retroactive to April 27, 2023. *See* Trial Ct. Order, 4/28/23, at 1. However, in cases where the trial court amends the judgment of sentence during the period it maintains jurisdiction pursuant to 42 Pa.C.S. § 5505, the direct appeal lies from the amended judgment of sentence. *See Commonwealth v. Garzone*, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010). Therefore, the appeal is properly from the April 28, 2023 amended judgment of sentence, and we have amended the caption accordingly.

Appellant filed a timely notice of appeal and a court-ordered Rule 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's issues.

On appeal, Appellant raises the following issue:

Whether the court abused its discretion by sentencing the Appellant outside the sentencing guideline range without providing either on the record or in writing, a statement setting forth the reasons for the deviation in violation of the specific provisions of the sentencing code and fundamental norms of the sentencing process and the sentence is unreasonable as a result?

Appellant's Brief at 3.[4]

Appellant challenges the discretionary aspects of his sentence.[5] Specifically, Appellant argues that the trial court abused its discretion in imposing an unreasonable sentence, which was outside of the standard range

_____

[4] We note that in his Rule 1925(b) statement, Appellant also argued that the Commonwealth failed to present clear and convincing evidence establishing that he met the statutory criteria for an SVP and the SOAB evaluator's assessment did not comply with the applicable statutes for an SVP assessment. ***See*** Rule 1925(b) Statement, 12/7/23, at 2 (unpaginated). Appellant has not raised these claims in his appellate brief; therefore, Appellant has abandoned these issues on appeal. ***See*** Pa.R.A.P. 2116(a), 2119(a); ***Commonwealth v. McGill***, 832 A.2d 1014, 1018 n.6 (Pa. 2003) (finding waiver where the appellant abandoned claim on appeal).

[5] "It is well settled that a plea of guilty amounts to a waiver of all non-jurisdictional defects and defenses." ***Commonwealth v. Brown***, 240 A.3d 970, 972 (Pa. Super. 2020) (citation omitted). Generally, after the defendant enters a plea, he may only appeal "matters concerning the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence." ***Id.*** (citation omitted). However, when a defendant enters an open plea agreement with no bargain for a specific or stated term of sentence, such as in the instant case, he is not precluded from appealing the discretionary aspects of the sentence imposed. ***See id.***

of the sentencing guidelines, and also failed to provide reasons for its sentence. *Id.* at 9-15. Appellant concedes that he "did not specifically state that the [trial] court failed to give reasons for its sentencing outside the sentencing guideline range[]" in his post-sentence motion. *Id.* at 9. However, Appellant asserts that this claim was encompassed within his argument that the trial court erred by imposing a sentence "without specification as to the term of house arrest." *Id.* (citation omitted).

The Commonwealth and the trial court both conclude that Appellant has waived his challenge to the discretionary aspects of the sentence because he did not raise this specific claim at sentencing nor in his post-sentence motion. *See* Commonwealth's Brief at 2-5; Trial Ct. Op., 2/23/24, at 15.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether [the a]ppellant preserved his issues; (3) whether [the a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the [S]entencing [C]ode.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion.

Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Here, in his post-sentence motion, Appellant argued that the trial court erred by imposing an indeterminate term of house arrest. ***See*** Appellant's Post-Sentence Mot., 5/2/23, at ¶¶ 12-13. Appellant additionally contended that the trial court erred because the sentence does not provide "a process or timeline" for his release from house arrest. Appellant's Mem. of Law, 8/2/23, at 10 (unpaginated). Appellant further challenged the sufficiency of the evidence establishing that he met the statutory criteria for an SVP. ***See*** Appellant's Post-Sentence Mot., 5/2/23, at ¶¶ 10-11. However, Appellant did not raise a claim that the trial court erred by imposing a sentence outside of the standard guideline range without placing its reasons for the sentence on the record. ***See id.*** at ¶¶ 1-13; Appellant's Mem. of Law, 8/2/23, at 1-11 (unpaginated).

Based on our review of the record, we conclude that Appellant has waived his claim on appeal because he failed to preserve it at sentencing or in his post-sentence motion. ***See Malovich***, 903 A.2d at 1251; ***see also*** Pa.R.A.P. 302(a). Therefore, Appellant is not entitled to relief, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/22/2024