J-S38020-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREEM MAURICE WELTON | : | |
| | : | |
| Appellant | : | No. 1245 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 7, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002262-2023

BEFORE: STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:                    **FILED NOVEMBER 21, 2024**

Kareem Maurice Welton ("Welton") appeals from the judgment of sentence imposed by the Montgomery County Court of Common Pleas ("trial court") following his open guilty plea to one count each of third-degree murder, attempted murder, robbery of a motor vehicle, and three counts of aggravated assault. Welton challenges the discretionary aspects of his sentence. We affirm.

On July 27, 2021, Welton, high on PCP, stole his neighbor's vehicle and drove around South Philadelphia. While driving the vehicle, Welton intentionally struck a motorcyclist and a pedestrian on a sidewalk, killing her. Later, Welton left his neighbor's vehicle and stole another vehicle, driving

_____

[*] Former Justice specially assigned to the Superior Court.

away while dragging the owner behind him. Welton hit a bicyclist and a jogger with the vehicle. Welton then abandoned the vehicle and tried to flee the scene, but police apprehended him. The Commonwealth charged Welton with numerous crimes.

Welton entered an open guilty plea to the aforementioned crimes. The trial court accepted the plea and ultimately sentenced Welton to an aggregate prison term of forty-five and one-half to ninety-one years.[1] Welton filed a timely post-sentence motion, which the trial court denied. He failed to file an appeal. Subsequently, Welton filed a petition pursuant to the Post Conviction Relief Act ("PCRA") seeking restoration of his appellate rights. The PCRA court granted the petition and this nunc pro tunc appeal followed.

Welton presents the following issue for our review: "Whether [Welton's] sentence was unduly harsh, excessive, unreasonable, an abuse of discretion and contrary to the fundamental norms of the sentencing guidelines and failed to adequately consider [Welton's] remorse, difficult childhood, history of intellectual disabilities, mental health issues, trauma history and drug addiction?" Welton's Brief at 4.

---

[1] The trial court sentenced Welton to twenty to forty years for third-degree murder, and to consecutive sentences of twenty to forty years for the attempted murder, and five and one-half to eleven years for one of the aggravated assault convictions. The sentences on the remaining convictions were imposed concurrently with the aggravated assault sentence.

Welton's discretionary aspects of sentencing claim is based upon his assertion that the trial court imposed an excessive sentence without considering mitigating factors and his rehabilitative needs.[2]  "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008) (citation omitted).  To invoke this Court's jurisdiction, Welton must satisfy the following four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of her appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted).

A substantial question is determined on a case-by-case basis and exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."  *Commonwealth v. McCain*, 176 A.3d 236, 240 (Pa. Super. 2017).  A "substantial question determination does not require the

---

[2] We note that when a defendant enters an open guilty plea, he may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

court to decide the merits of whether the sentence is clearly unreasonable."
***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013).

In this case, Welton preserved his claim in a post-sentence motion and by filing a nunc pro tunc appeal with permission from the court below. Welton's brief also contains a Rule 2119(f) statement, and his claim raised therein—that the trial court imposed an excessive sentence without proper consideration of mitigating factors and rehabilitative needs—raises a substantial question. ***See Commonwealth v. Bankes***, 286 A.3d 1302, 1306 (Pa. Super. 2022) (stating that a "claim that a court imposed an excessive sentence after not considering rehabilitative needs raises a substantial question") (citation omitted); ***Commonwealth v. Swope***, 123 A.3d 333, 339 (Pa. Super. 2015) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citation omitted).

Turning to address Welton's argument, our standard of review is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Bankes***, 286 A.3d at 1307 (citation omitted).

Welton asserts that the only way to make sense of his actions was "a combination of his use of drugs and his numerous mental health issues caused by his intellectual disabilities and childhood trauma." Welton's Brief at 18. After his criminal spree, Welton contends that he accepted responsibility and expressed remorse for what he had done. *Id.* Welton highlights that a sentence of forty-five and one-half years to ninety-one years is effectively a life sentence because he was forty-three years old at the time of sentencing. *Id.*

The record reflects that when sentencing Welton, the trial court had "the benefit of a presentence investigation report and a PPI evaluation report" which diagnosed Welton with "schizoaffective disorder, post-traumatic stress disorder," and substance abuse problems. N.T., 3/07/2024 at 63-64. The trial court also considered the testimony presented at the sentencing hearing, including that of a psychologist who testified in Welton's defense, the arguments of counsel, the sentencing guidelines and the sentencing code. *Id.* at 63. The trial court stated on the record that it considered aggravating factors, such as the gravity of the offense and Welton's criminal history, and mitigating factors such as Welton's "severe childhood of abuse and neglect," learning disorder, and undiagnosed mental illnesses. *Id.* at 64. The trial court found that Welton "intended to hurt and kill" for "no reason whatsoever," that he posed "a clear and present danger to innocent people," and that Welton posed "an undue risk of [] reoffending when not incarcerated." *Id.* at 65. The

court concluded that "society needs to be protected from [Welton]." ***Id.*** at 66.

We conclude that the trial court did not abuse its discretion in sentencing Welton. As noted, in addition to the evidence detailed above, the trial court had the benefit of a presentence investigation report, which requires that we presume "that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Miller***, 275 A.3d 530, 535 (Pa. Super. 2022); ***see also Commonwealth v. Rhoades***, 8 A.3d 912, 919 (Pa. Super. 2010) (noting that where "the sentencing court had the benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (citation and quotation marks omitted). We therefore conclude that Welton is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date:  11/21/2024