J-S06006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL JOSEPH POLING | : | |
| | : | |
| Appellant | : | No. 637 WDA 2024 |

Appeal from the Judgment of Sentence Entered April 10, 2024
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000291-2023

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.: **FILED: February 21, 2025**

Michael Joseph Poling appeals from the judgment of sentence entered in the Clarion County Court of Common Pleas on April 10, 2024, as made final by the trial court's order denying Poling's post-sentence motion on April 25, 2024.[1] On appeal, Poling challenges the discretionary aspects of his sentence. He further argues the trial court judge should have recused herself due to a conflict of interest. After careful review, we affirm.

On December 20, 2023, Poling entered a negotiated guilty plea to five counts of statutory sexual assault, one count of child pornography, and one

---

[1] In his timely notice of appeal, Poling purports to be appealing from the order denying his post-sentence motion. "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." **Commonwealth v. Shamberger**, 788 A.2d 408, 410 n. 2 (Pa. Super. 2001) (*en banc*) (citation omitted). The caption reflects that this appeal is properly taken from the April 10, 2024 judgment of sentence.

count of corruption of minors. Pursuant to a plea agreement, Poling was to receive a standard guideline sentence for the charges of statutory sexual assault and child pornography, with a consecutive probation tail for the charge of corruption of minors. Sentencing was deferred in order for Poling to undergo an assessment by the Pennsylvania Sexual Offenders Assessment Board and for preparation of a presentence investigation report ("PSI").

On April 10, 2024, the trial court sentenced Poling to an aggregate term of 180 to 360 months' incarceration, plus a consecutive five years' probation. Poling filed a post-sentence motion in which he requested the court modify his sentence or alternatively allow him to withdraw his guilty plea due to a possible conflict of interest with the trial judge. The trial court denied the post-sentence motion. This timely appeal followed.

Poling raises the following issues on appeal:

1. Whether the trial court failed to adequately consider mitigating circumstances and imposed an excessive sentence?

2. Whether the trial court failed to disclose a conflict of interest and should have either made this conflict known to [] Poling or recused from presiding over [] Poling's criminal case?

**See** Appellant's Brief, at 5.

In his first issue, Poling argues the trial court imposed an excessive sentence by failing to adequately consider mitigating circumstances. Poling

concedes this is a challenge to the discretionary aspects of his sentence.[2] "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (case citation omitted; brackets in original).

_____

[2] Generally, when a defendant enters a negotiated guilty plea, and receives precisely the sentence for which he bargained, he cannot challenge the discretionary aspects of that sentence. *See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1276 (Pa. 2014) ("When a negotiated plea includes sentencing terms … the defendant's knowing and voluntary acceptance of those terms rightly extinguishes the ability to challenge a sentence the defendant knew was a proper consequence of his plea"). However, when a defendant enters a plea, without an agreed upon sentence, he may challenge the discretionary aspects of the sentence imposed. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

Although Poling entered a negotiated plea, the parties did not agree to a specific sentence; therefore, Poling may challenge the discretionary aspects of his sentence.

Here, Poling filed a timely notice of appeal, and his brief includes a statement of reasons relied upon for allowance of appeal, as is required by Pa.R.A.P. 2119(f). However, although he filed a timely post-sentence motion, we find Poling did not preserve every sentencing claim raised on appeal. Poling attempts to add a claim in his Rule 2119(f) statement, arguing the sentence is excessive since it was based solely on the seriousness of the offense, without taking into consideration the relevant sentencing factors. He further attempts to add a claim that the trial court failed to articulate sufficient grounds for the consecutive nature of sentence imposed.[3] After a review of the record, we find Poling failed to preserve these claims, as he did not raise them in his post-sentence motion or during the sentencing hearing. He also did raise these claims in his 1925(b) concise statement, or in his statement of questions presented in his appellate brief.

Nevertheless, Poling preserved his remaining claim in the timely post-sentence motion. We therefore must review the Rule 2119(f) statement to determine if Poling has raised a substantial question. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying

---

[3] Even if this issue had been preserved, we note that generally a challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question. *See Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005).

the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation and emphasis omitted); *see also* Pa.R.A.P. 2119(f).

Poling "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365 (citation omitted). "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citation omitted).

Poling's assertion that the trial court failed to adequately consider mitigating factors, rendering his sentence excessive, raises a substantial question. *See Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa. Super. 2022) (stating "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citation omitted). We therefore will address this sentencing claim.

Here, the court heard from counsel for both sides and noted its considering of a PSI as well as a victim impact statement submitted by the victim's adoptive mother, who had previously been in a relationship with Poling while the underlying offenses occurred. After hearing a brief statement

from Poling on his own behalf, the court explained its reasons for the sentence on the record, as follows:

> Well, Mr. Poling, I have to say, the facts and circumstances of this offense to me are particularly disturbing because of the, I guess, surrounding circumstances of which you were in a relationship with this young woman. You know, she is someone who probably at this point in time thought she was moving on to better things in her life having become part of a family that was there to support her only to find that she essentially, a young teenage girl, was being taken advantage of by a much older man who should have been a father-figure to her. So, again, faced with a situation here where you, as an adult individual in this young girl's life, should have been in a situation where you were protecting and caring for her, but you were really thinking about only your own interests and not her certainly. So, by your actions you have, again, impacted this young woman for the rest of her life. She is certainly going to have to deal with the outcome, the fall out of having been victimized in this manner for the rest of her life in dealing with her personal relationships, and I'm sure it's going to take her some time to make sense of, if she ever can, what's happened to her based on your decisions to engage in conduct like this with her. So I have to say, I don't really see anything mitigating about the decisions that you made here, or the situation that you put this young woman in, whether she was, you know, two months from being sixteen, or not, she shouldn't have been put in this situation. And she was, and I know it's going to have long-term effects for her. And because of that, it's also going to have long-term effects for you, because I really think that in order to ensure that nothing like this happens again, and to make sure that you have a significant amount of time to think about the choices that you made, and hopefully to receive some treatment to help you understand the choices that you made, that a lengthy period of incarceration is necessary. So having said that, I have like I said, reviewed your presentence investigation report. I have reviewed the facts and circumstances of this offense, and because of that, I do think a lengthy period of State incarceration is appropriate …

N.T., Sentencing, 4/10/24, at 15-16.

As the trial court specifically noted, it had the benefit of a PSI. Where the trial court had the benefit of reviewing a PSI, we must

presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted).

Further, the record reflects, and Poling concedes, the trial court sentenced Poling to a standard range sentence that was in accordance with his negotiated guilty plea agreement, despite the sentence being at the high end of the standard sentencing range. As this Court has held, if the sentencing court had both a PSI and entered a standard range sentence, the sentence generally will not be considered excessive or unreasonable. ***See Commonwealth v. Cruz–Centeno***, 668 A.2d 536, 545-46 (Pa. Super. 1995).

Poling asserts the trial court made no reference to any of the mitigation evidence presented by the defense. This claim is belied by the record, and by Poling's own acknowledgments. In his brief, Poling concedes the trial court

stated specifically "I don't really see anything mitigating about the decisions that you made here …" Appellant's Brief, at 14 (citing to N.T., Sentencing, 4/10/24, at 16). The record shows the court heard the mitigating evidence presented, but explicitly noted its rejection of the mitigating evidence. ***See id***. The court's rejection of the mitigating evidence presented to it is simply not equivalent with the court's failure to consider that evidence.

Based on our review of the record, the trial court's findings set forth above, and our standard of review, we conclude the trial court did not abuse its discretion in sentencing Poling. As the trial court in this case had the benefit of a PSI, combined with the trial court's explicit consideration of the victim impact statement, the sentencing guidelines, and the seriousness of the offense, we conclude that it considered all relevant sentencing factors. Poling has failed to establish the court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. Accordingly, we find Poling's first issue without merit.

In his second and final issue, Poling contends the trial judge failed to disclose a conflict of interest and should have either made this conflict known to Poling or recused from the case. Specifically, Poling asserts that he was unaware during the pendency of his criminal charges that the presiding judge was concurrently presiding over the victim's separate dependency proceedings. While Poling asserted in his post-sentence motion that he should

be able to withdraw his guilty plea, he does not renew this assertion on appeal. In fact, Poling makes no claim on appeal that he was somehow denied a fair guilty plea. Rather, his claims seem to only pertain to the sentence imposed.

Here, Poling raised the issue of recusal in a post-sentence motion, claiming he just learned of the alleged conflict, after the sentencing hearing. He provides no reason, however, as to why he could not have obtained information regarding the dependency proceedings at an earlier date. ***See Reilly v. Southeastern Pennsylvania Transp. Authority***, 489 A.2d 1291, 1302 (Pa. 1985) (dismissing attempts to disqualify a trial judge post-trial where appellant "failed to show that the evidence it now seeks to use for ... recusal was unavailable during trial in the exercise of due diligence or that, based upon the record, the existence of the evidence would have compelled a different outcome in this case"). In fact, Poling provides no actual date for when he allegedly learned of this information. Further, the trial judge has clarified that she is the only sitting judge in Clarion County. Poling does not explain how his Clarion County Public Defender was not aware of the judiciary structure in his own county prior to his guilty plea. Accordingly, this claim is waived for failing to raise sufficient reasons to support his claim of necessary recusal.

Even assuming, *arguendo*, that the issue was not waived, we would find it meritless. When addressing a recusal issue, our standard of review is well settled:

> [Our Supreme] Court presumes judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.

***Commonwealth v. Kearney***, 92 A.3d 51, 60 (Pa. Super. 2014) (internal citations and quotation marks omitted).

Here, Poling makes only bald assertions that because the trial judge had interactions with the victim in an unrelated matter, these interactions caused the trial judge to exhibit bias and impartiality towards Poling. We are unconvinced that Poling's bald assertions and conjecture give rise to evidence establishing substantial doubt in the trial judge's ability to preside impartially. A review of the plea and sentencing hearings reveals no indication of bias, prejudice, or unfairness towards Poling.

Again, the trial court specifically notes that there is only one sitting judge in Clarion County. Accordingly, it is perceivable that the one jurist would be familiar with individuals in different matters. This "familiarity" does not, without more, give rise to reasons to compel the recusal of the trial court. ***See Commonwealth v. Perry***, 364 A.2d 312, 318 (Pa. 1976) (stating, "the acquaintance between a judge and a victim of a crime, is not, in itself, sufficient to require the trial judge to recuse"). As stated earlier, the alleged

"interactions" are all associated with official court proceedings, none outside of a court setting.

Poling argues that certain references made by the trial judge prior to imposing sentence "could reasonably imply that she is relying on information received outside of the context of a standard criminal sentence hearing." Appellant's Brief, at 21. We disagree. The references made by the trial judge are completely in line with the information submitted to the trial court for sentencing purposes, most relevantly, the victim impact statement submitted by the victim's adoptive mother.

Other than mere conjecture, Poling has not provided us with any concrete evidence showing any impropriety on the part of the trial court. The record shows that the court was presented with sufficient information in order to make its sentencing decision.

Under these circumstances, we cannot find that the trial court abused its discretion. The circumstances are certainly sufficient to justify the trial court's sentence. Therefore, Poling's argument merits no relief.

As we find Poling's issues are without merit, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/21/2025