J-S47034-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEON RASHAWN JACKSON | : | |
| | : | |
| Appellant | : | No. 1008 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 5, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0003587-2023

BEFORE:  KUNSELMAN, J., SULLIVAN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                              **FILED FEBRUARY 24, 2025**

Leon Rashawn Jackson ("Jackson") appeals from the judgment of sentence imposed by the Lehigh County Court of Common Pleas ("trial court") following his guilty plea to possession with intent to deliver crack cocaine.[1] Jackson's counsel, Attorney Micheal Brunnabend ("Counsel"), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Jackson's judgment of sentence.

We glean the following from the factual basis of Jackson's guilty plea. On August 30, 2022, the state police arrested Jackson pursuant to an arrest

_____

[1] 35 P.S. § 780-113(a)(30).

warrant. N.T., 3/5/2024, at 9. The police took eight baggies of cocaine from Jackson's hand and $2,000 from his front pocket. *Id.* On March 5, 2024, Jackson agreed to enter a guilty plea to possession with intent to deliver (crack cocaine) in exchange for a time-served sentence.[2] The parties did not agree to any further sentence as part of the plea. The trial court accepted the plea, Jackson waived a presentence investigation report, and the case immediately proceeded to sentencing. Ultimately, the trial court sentenced Jackson to time served to twenty-three months with a consecutive period of twenty-four months of probation. *Id.* at 14.[3] The trial court thereafter granted Jackson immediate parole. *Id.*

Jackson filed a post-sentence motion requesting a modification of sentence. The trial court denied the motion. Jackson filed a timely notice of notice of appeal and concise statement of errors complained of on appeal.

On August 12, 2024, Counsel filed an *Anders* brief and petition to withdraw as counsel with this Court. When faced with an *Anders* brief, we may not review the merits of the underlying issues or allow withdrawal without first deciding whether counsel has complied with all requirements set forth in

---

[2] The trial court noted that Jackson had been incarcerated for eighteen months at the plea colloquy. N.T., 3/5/2024, at 3.

[3] Based upon the instant conviction, the trial court noted that Jackson violated his parole for sentences imposed for two prior convictions of driving under the influence. N.T., 3/5/2024, at 3. The trial court indicated that Jackson's parole was revoked, he was ordered to serve the balance of his sentences, and was granted immediate parole without further supervision. *Id.*

*Anders* and *Santiago*. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005). A criminal defendant has a constitutional right to a direct appeal and to be represented by counsel for the pendency of that appeal. *Commonwealth v. Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). These rights create mandates that counsel seeking to withdraw pursuant to *Anders* must follow. *Id.* We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed pro se or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on [a]ppellant's behalf).

*Id.* (citations omitted).

*Santiago* sets forth precisely what an *Anders* brief must contain:

> [T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw ... must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

If counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings to determine whether there are any non-frivolous issues the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (en banc).

We conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. Petition to Withdraw, 8/12/2024. Counsel's brief includes summaries of the facts and procedural history of the case and discusses the issues he believes might arguably support Jackson's appeal. *Anders* Brief at 5- 10. Counsel's brief also sets forth his conclusion that the appeal is frivolous and includes discussion of and citation to relevant authority in support of that conclusion. *Id.* at 10–13. Lastly, Counsel attached to his petition to withdraw the letter he sent to Jackson, which enclosed Counsel's petition and *Anders* brief. Petition to Withdraw, 8/12/2024, Exhibit A. Counsel's letter properly advised Jackson of his rights including his right, either pro se or through privately retained counsel, to file additional information with this Court. *Id.*

Because Counsel has complied with the procedural requirements for withdrawing from representation, we turn our attention to the issue Counsel raised in the *Anders* brief: "Whether the sentencing court abused its

- 4 -

discretion by imposing a consecutive two (2) year period of probation which was manifestly unreasonable based upon the factors reviewed by the court and that the court imposed harsh and excessive sentences?" ***Anders*** Brief at 4. (capitalization omitted).

Jackson argues that the trial court imposed an excessive sentence. ***Id.*** at 7. This issue challenges the discretionary aspects of Jackson's sentence.[4] ***Commonwealth v. Ahmad***, 961 A.2d 884, 886 (Pa. Super. 2008).

> The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal. To invoke this Court's jurisdiction to review a challenge to the discretionary aspects of a sentence, an appellant must satisfy a four-part test:
>
> > (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

***Commonwealth v. Rivera***, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citations and quotation marks omitted).

Our review of the record indicates that Jackson filed a timely notice of appeal and post-sentence motion raising the issue he now raises before this Court. Notice of Appeal 4/24/2024; Post-Sentence Motion, 3/14/2024.

---

[4] We note that because Jackson entered an open guilty plea, he may challenge the discretionary aspects of the sentence imposed. ***See Commonwealth v. Brown***, 240 A.3d 970, 972 (Pa. Super. 2020).

Jackson also included a Pa.R.A.P 2119(f) in his brief. *Anders* Brief at 7. Therefore, we must determine whether Jackson raises a substantial question for our review.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa. Super. 2015) (en banc) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Id.* (citation omitted).

Here, the entirety of Jackson's 2119(f) statement states the following: "[Jackson] believes that the [trial] [c]ourt gave a manifestly excessive and harsh sentence even though the sentence of probation fully complied with the plea agreement. [Jackson] believes that the length of the probation, two (2) years[,] was excessive and onerous." *Anders* Brief at 7.

"Bald allegations of excessiveness . . . do not raise a substantial question to warrant appellate review." *Commonwealth v. Watson*, 228 A.3d 928, 935 (Pa. Super. 2020); *see also id.* at 935-36 (noting "a substantial question will be found only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process") (citation and

quotation marks omitted). Thus, Jackson fails to raise a substantial question for our review.

Even if we were to find a substantial question, Jackson would not be entitled to relief. We review a trial court's sentencing decision for an abuse of discretion. **Commonwealth v. Perry**, 32 A.3d 232, 236 (Pa. 2011). The trial court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. **Id.** An abuse of discretion may not be found because an appellate court might have reached a different conclusion or because of an error in judgment. **Id.** The factors the trial court must consider when imposing a sentence are whether the punishment is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

The record of the sentencing proceeding reflects that the trial court considered Jackson's prior record score of four, which included two convictions in New Jersey and multiple convictions in Pennsylvania. N.T., 3/5/2024, at 12-13; **see also id.** at 2 (noting that the standard range sentence in this case was nine to sixteen months of incarceration, plus or minus three months). The trial court also considered the sentencing guidelines and the nature and circumstances of the offense. **Id.** at 14. The trial court concluded that Jackson's criminal history, the nature of the crime, and the facts of the case

warranted a finding that "the defendant is in need of extensive supervision." *Id.* The trial court sentenced Jackson to time served to twenty-three months in prison, followed twenty-four months of probation, and granted Jackson immediate parole. *Id.* Accordingly, there is no basis for Jackson to challenge the excessiveness of his sentence on appeal, and we agree with Counsel that this claim is frivolous.

Our independent review of the record reveals no other non-frivolous issues that Jackson could raise on appeal. We therefore grant Counsel's petition to withdraw and affirm Jackson's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/24/2025