J-S41025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN EUGENE LITTLES, JR. | : | |
| | : | |
| Appellant | : | No. 625 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 16, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0002149-2022

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BECK, J.:                                  **FILED MARCH 9, 2026**

Kevin Eugene Littles, Jr. ("Littles") appeals from the judgment of sentence imposed by the Northampton County Court of Common Pleas ("trial court") following his convictions of third-degree murder and robbery – inflict serious bodily injury.[1]  On appeal, Littles challenges the discretionary aspects of his sentence.  We affirm.

On August 8, 2021, Jakiye Taylor ("Taylor") and Littles arranged to purchase marijuana from Elijah Johnson ("Johnson") and Jayzell Sanders ("Sanders").  The parties met in the parking lot of the Target in Nazareth Township.  Taylor and Littles entered the back of Johnson's vehicle.  During

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(c), 3701(a)(1)(i).

the drug deal, Taylor and Littles each brandished a firearm and attempted to rob Johnson and Sanders. Johnson, sitting in the driver's seat, lunged at Littles in the back of the car. During the struggle, Littles shot and killed Johnson.

Police arrested Littles and the Commonwealth charged him with numerous crimes. On October 8, 2024, Littles entered a negotiated guilty plea to one count each of third-degree murder and robbery in exchange for the withdrawal of the remaining charges against him.[2] Littles and the Commonwealth did not agree to a sentence for third-degree murder, but agreed to a fixed sentence of ten to twenty years in prison for robbery. The trial court accepted the plea and deferred sentencing.

On December 16, 2024, the trial court sentenced Littles to the agreed-upon sentence for the robbery conviction and a consecutive sentence of twenty to forty years in prison for the third-degree murder conviction. Littles filed a motion to reconsider his sentence, which the trial court denied. Littles filed a timely appeal.

Littles presents three issues for our review:

(1)  Did the trial court abuse its discretion in sentencing [Littles] by failing to engage in an individualized sentencing?

(2)  Did the trial court abuse its discretion in sentencing [Littles] by failing to take into account the need to protect the public and to rehabilitate [Littles]?

_____

[2] That same day, Taylor agreed to a negotiated guilty plea to one count of third-degree murder.

(3)  Did the trial court abuse its discretion in sentencing [Littles] by imposing [a] manifestly excessive and unduly harsh sentence while disregarding mitigating evidence and [Littles'] rehabilitative needs?

Littles' Brief at 4. (suggested answers and unnecessary capitalization omitted).

Littles challenges the discretionary aspects of his sentence.[3]  *See Commonwealth v. Caldwell*, 117 A.3d 763, 768-69 (Pa. Super. 2015) (en banc) (claim that trial court imposed an excessive sentence and failed to consider defendant's rehabilitative needs and mitigating factors is a challenge to the discretionary aspects of sentencing).  "The right to appellate review of the discretionary aspects of a sentence is not absolute and must be considered a petition for permission to appeal."  *Commonwealth v. Rivera*, 312 A.3d 366, 376 (Pa. Super. 2024) (citation omitted).   To invoke this Court's jurisdiction to review a discretionary sentencing challenge, an appellant must satisfy a four-part test:

> (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Id.* at 376-77 (citation and brackets omitted).

---

[3] We note that because Littles entered an open guilty plea to third-degree murder, he may challenge the discretionary aspects of this sentence.  *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Caldwell*, 117 A.3d at 768 (citation omitted). A substantial question may be found where an appellant alleges that a sentence "violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa. Super. 2010) (citation omitted).

Here, Littles preserved his claims in a post-sentence motion and filed a timely appeal. Littles' brief also contains a Rule 2119(f) statement, wherein he claims that the trial court imposed an excessive sentence, which only reflected the seriousness of his crime and did not properly consider mitigating factors and his rehabilitative needs. *See* Littles' Brief at 9-11. This presents a substantial question for our review. *See Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question") (citation omitted); *Commonwealth v. Perry*, 883 A.2d 599, 602 (Pa. Super. 2005) (holding that appellant raised a substantial question by arguing that the trial court's sole focus on the seriousness of his offense was contrary to the fundamental norms of the sentencing process).

Our standard of review of discretionary sentencing challenge is well settled:

> Sentencing is a matter vested in sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Baker*, 311 A.3d 12, 19 (Pa. Super. 2024) (citation omitted). In addition to the abuse of discretion standard, our review is confined by section 9781(c) and (d) of the Sentencing Code:

> **(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.
>
> **(d) Review of record.--**In reviewing the record the appellate court shall have regard for:
>
> > (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
> >
> > (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
> >
> > (3) The findings upon which the sentence was based.
> >
> > (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(c), (d).

If the trial court received and reviewed a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."[4] *Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa. Super. 2022); *see also Rhoades*, 8 A.3d at 919 (noting that where "the sentencing court had the benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (citation and quotation marks omitted).

Littles contends that the trial court abused its discretion in imposing a harsh and excessive sentence. Littles' Brief at 12-15. He argues that the trial court failed to engage in individualized sentencing by focusing solely on the nature of the offense and the death of the victim. *Id.* at 12, 13. He notes that the trial court failed to consider that his prior record consisted of minor marijuana charges, or his young age, personal characteristics, rehabilitative needs, and solid familial support system. *Id.* at 13-15. Littles further asserts

_____

[4] These factors include "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). "The balancing of these [s]ection 9721(b) sentencing factors is within the sole province of the sentencing court." *Baker*, 311 A.3d at 19 (citation omitted).

that the trial court did not place its reasons for the sentence on the record. *Id.* at 13.

The record of the sentencing proceeding reflects that the trial court "considered all of the factors that have come into play." N.T., 12/16/2024, at 158. It reviewed a presentence investigation report, a mitigation report, a psychological evaluation, several letters submitted on behalf of Littles, and victim impact statements. *Id.* at 5-7, 160. The trial court received testimony from Christine Sczypta, Littles' mother, and Shawn Lee, Littles' family friend and mentor. *Id.* at 16-28. Littles submitted a written letter to the trial court and testified at sentencing, in which he apologized to his family, the victim's family, and the community, asking to be forgiven for his conduct. *Id.* at 7, 135-36. The trial court noted that mental health concerns may have led to the crimes in question and stated that this would need to be addressed. *Id.* at 159-60. To that end, the trial court ordered mental health and drug and alcohol evaluations, and further acknowledged the treatment options listed in the mitigation report. *Id.* at 160, 161. The court observed, however, that "we have a young man who is no longer with us," and "understanding that consequence, [the court has] to seriously weigh the level of punishment that comes for this action." *Id.* at 160-61. Thereafter, the trial court imposed a sentence of twenty to forty years in prison for his third-degree murder conviction, to be served consecutively to the agreed-upon sentence for the robbery conviction. *Id.* at 161, 162.

We conclude that the trial court did not abuse its discretion in sentencing Littles. Given that the trial court had the benefit of a presentence investigation report, we presume that it took into account all relevant sentencing factors, "and consider the requirement that the court place its reasoning on the record to be satisfied." *Commonwealth v. Snyder*, 289 A.3d 1121, 1126 (Pa. Super. 2023). Further, as the above summary shows, and contrary to Littles' claim, the trial court reviewed and considered the mitigating factors in fashioning the sentence, as well as his individual needs for mental health and drug and alcohol treatment. The resulting sentence reflects the court's consideration of the seriousness of the crimes balanced against the evidence presented in mitigation and his rehabilitative needs. *See Commonwealth v. Baker*, 311 A.3d 12, 19 (Pa. Super. 2024) (noting that "the weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain").

Based upon our review of the record, the arguments raised by Littles, and the relevant law, we find no basis to overturn the trial court's sentencing decision. *See* 42 Pa.C.S. § 9781(c), (d). We therefore conclude that Littles is not entitled to relief.[5]

---

[5] Littles further asserts that the trial court, in its Rule 1925(a) opinion, improperly cited to an additional crime he committed while in prison. *See* Littles' Brief at 13. In its opinion, the trial court noted that Littles had been charged with additional crimes while incarcerated, which resulted in a separate guilty plea to aggravated assault. *See* Trial Court Opinion, 4/19/2025, at 4. *(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/9/2026

---

However, there is no indication in the record or at sentencing that the trial court considered this crime in imposing the sentence for his third-degree murder conviction. We therefore conclude that this was not a consideration that factored into Littles' sentence.