J-S41020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA APONTE | : | |
| | : | |
| Appellant | : | No. 606 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 17, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005907-2024

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BECK, J.:                                    **FILED MARCH 12, 2026**

Joshua Aponte ("Aponte") appeals from the judgment of sentence imposed by the Philadelphia Court of Common Pleas ("trial court") following his entry of a guilty plea to third-degree murder, conspiracy to commit third-degree murder, robbery, possession of an instrument of a crime, and possession of a prohibited firearm.[1]  On appeal, Aponte challenges the discretionary aspects of his sentence.  We affirm.

In February 2023, Aponte recruited two female juveniles, G.C. and A.B., to help facilitate his commission of a robbery.  Acting on the recommendation of the juveniles, the group targeted Morris McQuay, Jr. ("McQuay").  On

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(c), 903, 3701(a)(1), 907(a), 6105(a)(1).

February 14, 2024, McQuay drove the juveniles to his home. The juveniles then texted Aponte to inform him of their arrival. They later prompted McQuay to go outside to his car, where he was confronted by Aponte and another masked individual. As Aponte attempted to rob him, McQuay resisted and Aponte shot him multiple times. In his haste to flee, Aponte dropped his gun, which was later recovered by police at the scene of the crime. McQuay died from the gunshot wounds the following day. Subsequently, the police arrested Aponte and the Commonwealth charged him with numerous offenses.

On November 21, 2024, Aponte entered an open guilty plea to the aforementioned crimes. The trial court accepted the plea and deferred sentencing for the completion of a presentence investigation report and mental health report. On January 17, 2025, the trial court sentenced Aponte to eighteen to forty years of imprisonment for third-degree murder, a consecutive sentence of one to two years of imprisonment for conspiracy to commit third-degree murder, and concurrent sentences of six to twelve years of imprisonment for robbery and one to two years of imprisonment for the firearm offense, for an aggregate term of nineteen to forty-two years of imprisonment.

Aponte filed a timely post-sentence motion, which the trial court denied. He then filed a timely notice of appeal and concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Aponte raises the following question for our review:

Whether the sentencing court abused its discretion and erred in ordering a sentence for third-degree murder [of] eighteen to forty years of incarceration and for conspiracy to commit third-degree murder [of] one to two years of incarceration, consecutive, when substantial mitigating circumstances existed including[] parental neglect suffered by [] Aponte in childhood and adolescence, psychological and emotional trauma that [] Aponte experienced growing up and suffered in adolescence, [] Aponte's solid family support, [] Aponte's acceptance of responsibility, his remorsefulness, and [] Aponte's rehabilitative needs at the time of sentencing?

Aponte's Brief at 10 (cleaned up).

Aponte's argument challenges the discretionary aspects of his sentence.[2] *See Commonwealth v. Riggs*, 63 A.3d 780, 786 (Pa. Super. 2012) (noting that a claim that a sentence is excessive and manifestly unreasonable because the trial court failed to consider all relevant sentencing factors is a challenge to the discretionary aspects of sentencing). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Baker*, 311 A.3d 12, 18 (Pa. Super. 2024) (citation omitted). To invoke this Court's jurisdiction, the appellant must satisfy a four-part test:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal

_____

[2] We note that because Aponte entered an open guilty plea, he may challenge the discretionary aspects of this sentence. *See Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020).

- 3 -

pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Rivera*, 312 A.3d 366, 376-77 (Pa. Super. 2024) (citation and brackets omitted).

A substantial question is determined on a case-by-case basis and "exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McCain*, 176 A.3d 236, 240 (Pa. Super. 2017) (citation omitted). "[T]he substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013).

Here, Aponte preserved his claim in a post-sentence motion and filed a timely appeal. Further, Aponte's brief contains a Rule 2119(f) statement, wherein he asserts that the trial court imposed a manifestly excessive sentence and failed to adequately consider mitigating factors and his rehabilitative needs. *See* Aponte's Brief at 18-25. Aponte raises a substantial question for our review. *See Commonwealth v. Swope* 123 A.3d 333, 339 (Pa. Super. 2015) (stating that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question") (citations omitted); *see also Commonwealth v. Bankes*, 286 A.3d 1302, 1306 (Pa. Super. 2022) (finding that claim that a

court imposed an excessive sentence without properly considering the appellant's rehabilitative needs raises a substantial question).

Our standard of review for a challenge to the discretionary aspects of a sentence is clear and well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Bankes*, 286 A.3d at 1307 (citation omitted). In addition to the abuse of discretion standard, our review is confined by section 9781(c) and (d) of the Sentencing Code:

> **(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.
>
> **(d) Review of record.--**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(c), (d).

When imposing a sentence, "the sentencing courts must consider the factors set out in 42 Pa.C.S § 9721(b), including the protection of the public, the gravity of the offense in relation to the impact of the victim and the community, and the rehabilitative needs of the defendant." *Commonwealth v. Lawrence*, 313 A.3d 265, 286 (Pa. Super. 2024) (cleaned up). Where the sentencing court has reviewed a presentence investigation report, "it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Miller*, 275 A.3d 530, 535 (Pa. Super. 2022); *see also Commonwealth v. Rhoades*, 8 A.3d 912, 919 (Pa. Super. 2010) (noting that where "the sentencing court had the benefit of a pre[]sentence investigation report, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors") (citation and quotation marks omitted).

Aponte argues that the trial court abused its discretion in issuing a manifestly excessive sentence without properly considering his substantial mitigating circumstances and rehabilitative needs. Aponte's Brief at 27-43. He contends that the trial court did not give sufficient weight to his age, acceptance of responsibly, remorse, history of drug abuse, absence of adult criminal convictions, traumatic upbringing, diagnosis of Polysubstance Use Disorder, unwavering family support, and that he was a victim of a shooting at the time of sentencing. *Id.* at 27, 29, 30-34, 36-37, 39-40; *see also id.* at 41-42 (noting that severe substance abuse can lead to lifelong consequences, including increased rates of criminal behavior and recidivism). According to Aponte, these factors, taken together, diminished his ability to appreciate the consequences of his actions. *Id.* at 34. He also notes that he accepted responsibility for killing McQuay and was remorseful, which is consistent with his ability to be rehabilitated. *Id.* at 34-36, 40. Further, Aponte argues that addressing his substance abuse issues and allowing him to engage in therapy would result in "better decision-making consistent with rehabilitation." *Id.* at 38. To that end, Aponte claims that the record does not support sentencing him like a hardened criminal who is beyond rehabilitation. *Id.* at 40-43. Aponte concludes that the trial court improperly imposed the sentence based on the severity of the crimes without considering his mitigating factors and rehabilitative needs. *Id.* at 43.

Prior to imposing Aponte's sentence, the record reflects that the sentencing court expressly cited its review of the presentence investigation report, mental health report, Aponte's prior criminal history, his upbringing as a neglected child, his education, his substance abuse issues, mental health issues, his acceptance of responsibility in this case, and that he had previously been a victim of gun violence. N.T., 1/17/2025, at 5-8, 8-12. It also considered the sentencing guidelines, noting the standard range for third-degree murder with a deadly weapon enhancement is 102 months to the statutory limit and the conspiracy to commit third-degree murder has the same standard range. *Id.* at 5-6. The court heard victim impact statements from McQuay's father, stepmother, and son. *Id.* at 13-21. The trial court also heard from Aponte, who apologized for his actions and expressed sympathy for the victim's family and friends. *Id.* at 35-37. Additionally, the court stated its awareness of Aponte's escalating behavior, despite numerous prior opportunities for rehabilitation, along with his repeated gun violations and the nature of this crime, including that Aponte continued to shoot McQuay until the gun jammed. *Id.* at 39-41. Based upon its consideration of all the information, the trial court imposed an aggregate sentence of nineteen to forty-two years in prison. *Id.* at 40-41.

We conclude that the trial court did not abuse its discretion in sentencing Aponte. Not only did the trial court have the benefit of a presentence investigation report, it expressly considered Aponte's rehabilitative needs and

all the evidence in mitigation that Aponte claims it ignored. *See* N.T., 01/17/2025, at 5-8, 8-12, 38-40; *see also* Trial Court Opinion, 04/30/2025 at 4-5. It balanced this evidence with the nature of the crime in evaluating the need for public protection, the impact statements from McQuay's family in determining the effect on the community, and the prior unsuccessful attempts to rehabilitate Aponte. A sentencing court need not "parrot the words of the Sentencing Code, stating every factor that must be considered under section 9721(b). However, the record as a whole must reflect due consideration by the court of the statutory considerations." *Commonwealth v. Coulverson*, 34 A.3d 135, 146 (Pa. Super 2011). (cleaned up). In fashioning Aponte's sentence, the trial court imposed a downward deviation on the sentence for conspiracy, and a standard-range sentence for third-degree murder, which is presumptively reasonable. *See Commonwealth v. Hill*, 210 A.3d 1104, 1117 (Pa. Super. 2019) (noting that "where a sentence that is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code"). The trial court is well within its discretion to impose sentences consecutively rather than concurrent sentences. *See Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005).

The resulting sentence reflects the court's consideration of the seriousness of the crimes balanced against the evidence presented in mitigation and his rehabilitative needs. *See Baker*, 311 A.3d at 19 (noting

that "the weight accorded to the mitigating factors or aggravating factors presented to the sentencing court is within the court's exclusive domain"). Based upon our review of the record, the arguments raised by Aponte, the fact that the trial court was informed by Aponte's presentence investigation, and the relevant law, we conclude that the trial court did not abuse its discretion in imposing the sentence. *See* 42 Pa.C.S. § 9781(c), (d). We therefore affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/12/2026